DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Timothy Churchill, appeals from a judgment entered by the Wood County Court of Common Pleas in favor of appellee, the state of Ohio. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On November 21, 2004, at approximately 3:20 a.m., State Trooper William N. Bowers was traveling southbound on S.R. 25 when he noticed appellant's vehicle traveling northbound on the same road at a speed "quite a bit" slower than the posted speed limit of 55 m.p.h. Bowers activated his radar and determined that the car was traveling at a speed of 40 m.p.h. The slow speed of the car drew the trooper's attention, and he turned to catch up with appellant. As Bowers followed appellant, who continued to drive at the same reduced speed, he twice observed appellant's vehicle weave at least 18 inches over the solid white line, and once saw appellant brake for no apparent reason. Bowers activated his video camera, and after witnessing appellant weave over the line a third time, described on tape that he had seen appellant go over the white line three times, and that appellant was traveling slowly at 40 m.p.h. As evidenced by the videotape, appellant once again braked for no apparent reason. According to Bowers, appellant's early-morning erratic driving was typical of one driving while impaired.
 {¶ 3} Appellant was ultimately cited for DUI, in violation of R.C. 4511.19(A)(1)(a); for being over the prohibited breath level, in violation of R.C. 4511.19(A)(1)(d); and for failure to operate within marked lanes of the road, in violation of R.C.4511.33.
 {¶ 4} On January 10, 2005, appellant filed a motion to suppress. A hearing was held, and on February 23, 2005, the trial court issued a judgment entry denying the motion. Appellant subsequently pled no contest to the DUI charge, and was sentenced to serve 33 days in the Wood County Justice Center, and was required to enroll in a DUI intervention program. The court suspended 30 days of appellant's sentence and placed appellant on probation for 36. Appellant was further ordered to pay fines and costs and his license was suspended for 180 days. Appellant timely appealed the February 23, 2005 judgment entry, raising the following as his sole assignment of error:
 {¶ 5} I. "THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION TO SUPPRESS WHEN THE TROOPER DID NOT POSSESS A REASONABLE AND ARTICULABLE SUSPICION TO JUSTIFY A STOP AND DETENTION OF DEFENDANT-APPELLANT AS IS REQUIRED UNDER THEFOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND THE OHIO STATE CONSTITUTION."
 {¶ 6} Appellate review of a trial court's decision on a motion to suppress presents a mixed question of law and fact.State v. Davis (1999), 133 Ohio App.3d 114, 117. Because the trial court is in the best position to evaluate witness credibility, an appellate court must uphold the trial court's findings of fact if they are supported by competent, credible evidence. State v. Dunlap (1995), 73 Ohio St.3d 308, 314. But an appellate court reviews de novo the trial court's application of the law to the facts. State v. Kobi (1997),122 Ohio App.3d 160, 168.
 {¶ 7} Regarding the trial court's findings of fact, we find that all are supported by competent, credible evidence.
 {¶ 8} Next, we examine the trial court's application of the law to those facts. To justify an investigatory stop of an automobile, a police officer must demonstrate specific and articulable facts which, when considered with rational inferences from those facts, would support a reasonable suspicion that the individual to be stopped may be involved in a criminal activity.State v. Lawrence (Feb. 9, 2001), 6th Dist. No. E-00-031, citing Terry v. Ohio (1968), 392 U.S. 1, State v. Bobo
(1988), 37 Ohio St.3d 177, State v. Freeman (1980),64 Ohio St.2d 291. According to the Supreme Court of Ohio, "[t]he propriety of an investigatory stop * * * must be viewed in light of the totality of the surrounding circumstances," Bobo, supra, paragraph one of the syllabus; Freeman, supra, paragraph one of the syllabus, and these circumstances are to be considered from the perspective of a reasonable and prudent police officer who must react to events on the scene as they unfold. State v.Lawrence, supra.
 {¶ 9} This court has previously held that "[w]eaving, whether within or outside one's lane, is indicative of erratic driving which authorizes the police to stop a vehicle." Montpelier v.Lyon (May 1, 1987), 6th Dist. No. WMS-86-16. In the instant case, Trooper Bowers witnessed three instances during which appellant's car weaved over the white line, and two instances where appellant applied his brakes for no apparent reason. These events occurred at approximately 3:20 a.m., while appellant was traveling at a rate of speed well below the posted speed limit. We find that under the totality of these circumstances Bowers was justified in his belief that appellant might be intoxicated. Thus, the trial court did not err in finding that Bowers had a reasonable, articulable basis for making the investigatory stop of appellant.[1] We find appellant's sole assignment of error not well-taken.
 {¶ 10} For all of the foregoing reasons, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J. Singer, P.J. Skow, J. Concur.
[1] Appellant's slow rate of speed, without more, would not have been sufficient to support this determination.