OPINION *Page 2 
{¶ 1} Plaintiff-appellant Northland Insurance Company appeals the decision of the Mahoning County Common Pleas Court which denied its motion to vacate a dismissal order entered more than three years before. Appellant presents two alternative issues. First, appellant contends that relief should have been granted under the catch-all provision of Civ.R. 60(B)(5). Then, appellant states that compliance with Civ.R. 60(B) is unnecessary because the court's dismissal order was not merely voidable, but was void. He notes that the trial court sua sponte dismissed the complaint without providing appellant with notice or an opportunity to be heard and urges that due process violations result in void orders. For the following reasons, the trial court was not required to grant relief under Civ.R. 60(B)(5) because the court could properly exercise its discretion to find that the motion was not filed within a reasonable time. Moreover, although the trial court's dismissal entry was arguably voidable, it is not subject to attack at any time as a void judgment. Accordingly, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} On November 29, 2002, appellant Northland Insurance Company filed a complaint against its insureds, defendants-appellees Mark and Rosemarie Poulos dba JNP Transportation. This complaint resulted in case number 02CV3778. The complaint stated that on May 15, 1998, appellant, as appellees' insurer, paid appellees $21,000 for property damage due to an automobile accident that occurred on April 8, 1998. The complaint then stated that on June 12, 1998, the negligent driver's insurer paid appellees $21,744. The complaint concluded that appellees' insurance policy provided appellant the right to recover the damages from the negligent driver's insurer and obligated appellees to protect that right. Appellant thus asked for its contractual right to reimbursement. The complaint also noted that this action had been previously filed under case number 00CV578.
 {¶ 3} On January 8, 2003, appellees filed their answer alleging that appellant did not make full payments under the policy and that appellant failed to negotiate in good faith. Appellees set forth various defenses such as failure to join all parties, *Page 3 
ratification, waiver, estoppel and statute of limitations. The answer concluded with a prayer for dismissal of the complaint.
 {¶ 4} On April 18, 2003, the trial court dismissed the complaint for "failure to refile within the one year statute of limitations."[1]
Appellant did not appeal from the April 18, 2003 dismissal entry.
 {¶ 5} On August 4, 2006, appellant filed a motion to vacate the court's April 18, 2003 judgment of dismissal. Appellant first claimed entitlement to relief under the catch-all provision in Civ.R. 60(B)(5). Appellant alternatively asked the court to use its inherent power to vacate a void judgment alleging that the court had no authority to enter a sua sponte dismissal without providing appellant notice and an opportunity to be heard.
 {¶ 6} Appellees filed a memorandum in opposition. They disclosed that appellant had filed yet a third action on the matter in case number 05CV1830. Appellees also noted that it was not until six months after appellees filed a motion for summary judgment in that third case based upon res judicata of the final order in 02CV3778 that appellant decided to seek vacation of the dismissal order in 02CV3778.[2]
 {¶ 7} On September 15, 2006, the trial court denied appellant's motion to vacate the court's April 18, 2003 dismissal. Appellant filed timely notice of appeal on October 13, 2006. Appellant sets forth two alternative assignments of error on appeal.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 8} Appellant's first assignment of error contends:
 {¶ 9} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO VACATE PURSUANT TO CIVIL RULE 60(B)"
 {¶ 10} Civ.R. 60(B) provides in pertinent part: *Page 4 
 {¶ 11} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 12} There is a three-prong test for determining entitlement to relief under Civ.R. 60(B). The movant must provide operative facts demonstrating: (1) a meritorious claim or defense; (2) entitlement to relief under one of the five grounds listed in the rule; and (3) the timeliness of the motion. GTE Automatic Elec, Inc. v. ARC Indus.,Inc. (1976), 47 Ohio St.2d 146, 150-151. The decision to grant or deny relief is within the trial court's sound discretion, and thus, we can only reverse such decision if it was unreasonable, arbitrary or unconscionable. See Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20; Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77.
 {¶ 13} As to the first prong, appellant's motion for relief stated that its insurance contract carries a fifteen-year statute of limitations. See R.C. 2306.06. Appellant noted that they did not invoke or need the savings statute. See R.C. 2305.19(A) (can refile within one year after the date the plaintiff's claim failed otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later). In support, appellant's motion pointed to case law holding that the one-year provided in the savings statute is irrelevant if the statute of limitations has not expired.Triplett v. Beachwood Village, Inc., 158 Ohio App.3d 465,2004-Ohio-4905, ¶ 13. This statement of the law is correct.
 {¶ 14} Yet, these arguments are more akin to appellate arguments or at most to GTE's second prong, entitlement to relief, than they are to the meritorious claim prong. *Page 5 
That is, meritorious claim refers to whether the plaintiff has a good argument against the defendant in its case in chief. In other words, appellant should have referred to the allegations of the complaint concerning appellees' alleged double recovery and obligation to reimburse rather than or at least in addition to the perceived statute of limitations error.
 {¶ 15} Still, some courts allow viewing the complaint to determine if the appellant provided sufficient operative facts regarding a meritorious claim. See Maxim Fin., Inc. v. Dzina (Dec. 2, 1993), 8th Dist. No. 65206 (viewing complaint to determine if merit claim established). See, also, Morgan Adhesives Co. v. Sonicorp Instr.Corp. (1995), 107 Ohio App.3d 327, 334, citing Newark Orthopedics, Inc.v. Brock (1994), 92 Ohio App.3d 117, 122 (appellate court can view late answer to determine if meritorious defense exists). In reviewing the complaint here, the first prong of GTE is satisfied.
 {¶ 16} As to the second prong, appellant claimed entitlement to relief under the catch-all provision in Civ.R. 60(B)(5), "any other reason justifying relief from the judgment." Procedurally, appellant complained that the trial court's sua sponte dismissal was contrary to due process as it was entered without notice or an opportunity to be heard. Substantively, appellant argues that the court's decision was incorrect because of the fifteen-year statute of limitations for written contracts.
 {¶ 17} Civ.R. 60(B)(5) reflects the inherent power of the court to relieve the movant from the unjust operation of a judgment.Caruso-Ciresi v. Lohman (1983), 5 Ohio St.3d 64, 66. However, the grounds for using Civ.R. 60(B)(5) must be substantial. Id. See, also, 1970 Staff Note to Civ.R. 60(B)(5).
 {¶ 18} Pertinent to this prong, it should be pointed out here that it has been established that Civ.R. 60(B) is not a substitute for a direct appeal of the judgment. Key v. Mitchell (1998), 81 Ohio St.3d 89, 90-91;Doe v. Trumbull Cty. Child. Sen/. Bd. (1986), 28 Ohio St.3d 128, 131. See, also, Colley v. Bazell (1980), 64 Ohio St.2d 243, 245. Moreover, the rule cannot be used to circumvent or extend the time for filing an appeal. Blasco v. Mislik (1982), 69 Ohio St.2d 684, 686.
 {¶ 19} We acknowledge that the Supreme Court has once cited a secondary source for the proposition that trial court errors are the proper topic for a Civ.R. 60(B)(5) motion. State ex rel. Gyurcsik v.Angelotta (1977), 50 Ohio St.2d 345, 347, *Page 6 
citing 15 A.L.R.Fed. 243-249, Section 12. However, it has thereafter been stated that a factual or legal mistake on the part of the trial court is not a Civ.R. 60(B) topic as such motion would be analogous to a motion for reconsideration which does not exist from final judgments. See, e.g., Key, 81 Ohio St.3d at 91, citing State ex rel. Durkin v.Ungaro (1988), 39 Ohio St.3d 191, 192-193 (claims that could have been raised on appeal are not addressable in a Civ.R. 60(B) motion or party could indirectly gain review of judgment for which no timely appeal was filed which would destroy the finality of judgments); State ex rel.Bragg v. Seidner (2001), 92 Ohio St. 3d 87, 87-88. See, also, Pitts v.Dept. of Transp. (1981), 67 Ohio St.2d 378, 381 (motion for reconsideration is nullity); Hankinson v. Hankinson, 7th Dist. No. 03MA7, 2004-Ohio-2480, ¶ 19-29; Hamilton v. Spirtos, 7th Dist. No. 01CA58, 2002-Ohio-1562.
 {¶ 20} The Staff Note provides fraud upon the court by a third-party's jury bribery as an example of the proper use of Civ.R. 60(B)(5). Another example could be perjury by a non-party. These examples fit perfectly under the holdings that appealable mistakes are not substantial reasons for relief under Civ.R. 60(B)(5). That is, one cannot appeal an off-the-record allegation that a juror was bribed by a non-party. Here, however, the issue is essentially the substantive and procedural propriety of the trial court's decision resulting in an appealable dismissal order. Hence, appeal rather than relief from judgment was arguably the proper avenue pursuant to the Supreme Court's Key andBragg decisions and this court's Hankinson and Hamilton decisions. This also ties into the third prong as the ability to appeal has been correlated to the reasonableness of the motion's timing under the third prong of the GTE test.
 {¶ 21} Although there is not a one-year time limit for motions filed under the catch-all provision of the rule, such motion must still be filed within a reasonable time. Civ.R. 60(B)(5). Appellant concedes that a decision on the reasonableness of the motion's timing is within the trial court's sound discretion. Appellant also cites to a case that warns that there should be substantial and compelling reasons for opening a judgment after a long period of time such as four years.In re Marriage of Watson (1983), 13 Ohio App.3d 344, 347. Many of the other appellate cases cited by appellant finding such reasons are distinguishable as they are based upon the well-being of a child and mention fraud upon the court as well. See, e.g., Taylor v. Taylor *Page 7 
(1993), 91 Ohio App.3d 846 (and the cases reviewed therein). The Supreme Court has held that a lapse of nearly two years does not constitute a reasonable time within which to seek Civ.R. 60(B) relief absentunusual circumstances. Blasco, 69 Ohio St.3d at 686.
 {¶ 22} Appellant's motion urged that the timing was reasonable given the "unusual circumstance" that appellant filed a third action based upon the belief that that April 18, 2003 order did not bar future actions. However, appellant's mistaken belief that it could ignore a final order and file yet another complaint two years after appellant's second complaint was dismissed with prejudice is not a circumstance which would automatically make a three and one-third year delay in filing the vacation motion reasonable.
 {¶ 23} The effect of the April 18, 2003 order was clear, and the existence of the trial court's alleged errors was apparent from the day the order was filed. Regardless of whether it was procedurally proper or substantively correct, the trial court's entry clearly dismissed appellant's complaint due to a statute of limitations issue concerning refiling. A dismissal is on the merits unless specified otherwise. See Civ.R. 41(B)(3). If appellant believed this decision was incorrect or procedurally flawed, appellant should have appealed from it in a timely manner (or at least filed a more timely vacation motion). Instead, appellant waited for over two years and then filed another complaint (number three) on the same claim. Once again, the belief that one can get around a court's allegedly mistaken and improperly entered order by refiling the action later does not automatically provide a substantial and compelling reason or extraordinary circumstance.
 {¶ 24} We also note that appellees' motion for summary judgment in the third suit outlined the arguments concerning the finality and res judicata effect of the April 18, 2003 judgment. Even assuming for the sake of argument that this could be considered a proper and reasonable trigger for appellant's realization that they are bound by a prior order, they still waited another six months to file the vacation motion. Considering the amount of time that had already passed, this need not be considered reasonable by the trial court here. *Page 8 
 {¶ 25} We conclude that under the circumstances of this case, it was not unreasonable or unconscionable for the trial court to have found that the August 4, 2006 motion was not filed within a reasonable time of the April 18, 2003 judgment as there are no extraordinary circumstances accounting for this long delay. As such, the trial court did not abuse its discretion in finding that appellant failed to set forth sufficient operative facts demonstrating all three GTE prongs. Since the trial court properly denied the Civ.R. 60(B)(5) motion to vacate, this assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 26} Appellant's second assignment of error alleges:
 {¶ 27} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO VACATE ITS JUDGMENT THAT IS VOID AB INITIO."
 {¶ 28} Alternatively, appellant contends that the dismissal entry sought to be vacated was void rather than merely voidable. Since courts have inherent power to vacate a void judgment, appellant attempts to characterize the order as void in order to avoid the requirements of Civ.R. 60(B) such as timeliness. Appellant cites appellate cases in support of the argument that a judgment is void not only for lack of subject matter jurisdiction and personal jurisdiction but is also void if it the court acted in a manner contrary to due process. Appellant points out that Civ.R. 41(B)(1) provides for notice to the plaintiff before sua sponte dismissing a complaint for failure to prosecute or failure to comply with the rules or any court order. Appellant then concludes that the court's sua sponte dismissal of the complaint without notice or opportunity to be heard was contrary to due process and thus void ab initio, requiring vacation without regard to the confines of Civ.R. 60(B). We thus turn to the law on distinguishing void from voidable orders.
 {¶ 29} As appellant points out, Ohio courts possess inherent power to vacate a void judgment. Patton v. Diemer (1988), 35 Ohio St.3d 68, 70. It is well-established that a party seeking vacation of a void, as opposed to voidable, judgment need not satisfy the requirements of Civ.R. 60(B). Id. (where judgment was declared void because R.C. 2323.12
specifically provides that court lacks jurisdiction to enter judgment on specific type of warrant of attorney). See, also, 1970 Staff Note to Civ.R. *Page 9 
60(B) (any court has inherent power to vacate a void judgment without the vacation being subject to a time limitation). On the subject of distinguishing void orders from voidable orders, the Ohio Supreme Court has stated:
 {¶ 30} "It is said that, although in a sense every order which lacks jurisdictional support is erroneous, those which are erroneous for such lack of jurisdiction are void and subject to collateral attack, whereas those which are erroneous for other than jurisdictional reasons are merely voidable and not subject to collateral attack. It is the distinction between those orders which are fatally erroneous because of jurisdictional factors and those which are erroneous for other reasons which presents the difficult question." State ex rel. Beil v. Dota
(1958), 168 Ohio St. 315, 319-320 (concluding that erroneous exercise of judicial power where there existed subject matter and personal jurisdiction is not void).
 {¶ 31} The drafters of Civ.R. 60(B) have likewise explained in a Staff Note:
 {¶ 32} "It is obvious that if a court did not have jurisdiction that a judgment rendered when jurisdiction was not present is void. * * * "[A] void judgment is, for example, a judgment based on a proceeding in which the court lacked jurisdiction over the person of the defendant or jurisdiction over the subject matter of the action. One takes nothing under a void judgment." 1970 Staff Note citing Lincoln Tavern, Inc. v.Snader (1956), 165 Ohio St. 61. This cited Lincoln case held:
 {¶ 33} "It is axiomatic that for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance, and a judgment rendered without proper service or entry of appearance is a nullity and void. Thus, an attack on a judgment on the ground that there was no service of process constitutes a direct attack on such judgment, rendering unnecessary the answer required under the statutes relating to the vacation of a judgment which is merely voidable." Lincoln,165 Ohio St. at 64.
 {¶ 34} From this case law, appellees urge that a void judgment is only one entered without subject matter or personal jurisdiction. As aforementioned, appellant relies on appellate cases, which seemingly add a third category to the definition of a void judgment. Specifically, appellant proposes that a judgment which violates due *Page 10 
process is void as well. We shall review the case law which appellant proposes we should adopt.
 {¶ 35} In one case, the trial court entered a default judgment against a defendant who had answered and then denied Civ.R. 60(B) relief from the default judgment. Skinner v. Leyland, 167 Ohio App.3d 226,2006-Ohio-3187. The Sixth District found that the trial court's default judgment was improper because Civ.R. 55 does not apply to a defendant who has pled or otherwise defended and because that defendant's later failure to appear required an ex parte trial on liability. Id. at ¶ 14, citing Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hosp. (1986),28 Ohio St.3d 118, 122-123. Rather than engage in a Civ.R. 60(B) analysis as urged by appellant, the Sixth District determined that the misapplication of Civ.R. 55(A) and the failure to conduct an ex parte hearing before entering judgment violated due process and resulted in a void judgment. Skinner, 167 Ohio App.3d 226 at ¶ 13, 16, 20, citingPlant Equip., Inc. v. Nationwide Control Serv., Inc.,155 Ohio App.3d 46, 2003-Ohio-5395 (1st Dist.); Shear v. Fleck (July 22, 1999), 8th Dist. No. 75928; and Frangopolous v. Angelo (Apr. 27, 1999), 7th Dist. No. 97CA52.
 {¶ 36} Just as the Skinner case did, appellant also cites theFrangopolous case from the Seventh District. However, that case does not at all imply what appellant and the Skinner case attribute to it. InFrangopolous, we reversed and remanded due to the trial court's failure to hold an ex parte trial where a party who previously pled failed to later appear. Appellant incorrectly assumes that because we did not analyze the issue under Civ.R. 60(B), we must have been vacating a void judgment due to a due process violation. However, our decision was made in a direct appeal of the trial court's default judgment entry. We specifically stated that we were not addressing the appeal from the motion to vacate as it was moot due to our decision in the direct appeal. Thus, both appellant and the Skinner case he cites misread ourFrangopolous case.
 {¶ 37} In the Plant case also relied upon in Skinner, the defendant failed to plead but did otherwise appear. The First District Court of Appeals held that the trial court's failure to provide the seven-day notice required by Civ.R. 55(A) rendered the default judgment contrary to due process and void. Plant, 155 Ohio App.3d 46 at ¶ 16. *Page 11 
The genesis of Plant was that court's interpretation of dicta from an Ohio Supreme Court case. Id. at ¶ 14-16, citing AMCA Internatl. Corp. v.Carlton (1984), 10 Ohio St.3d 88. Although appellant fails to citeAMCA, we must review its application.
 {¶ 38} In AMCA, the Supreme Court was reviewing a timely direct appeal of a default entry which had been entered without the seven-day notice to the defendant who had appeared in the action as required by Civ.R. 55. AMCA, 10 Ohio St.3d at 89-90. The Supreme Court concluded that the default entry was improper. Id. at 91. The Court pointed out that its decision was in line with federal cases which held that a default judgment entered without service where the defendant is entitled to notice under the rule must be vacated or reversed on appeal. Id. In citing the various federal cases, the Court mentioned in a parenthetical that one federal case held that "a default against a defendant is void and without due process where the appearing defendant is not afforded the benefit of service of the three-day notice [required by the federal rules] and hence is susceptible to collateral attack." Id. at 91, citingBass v. Hoagland (C.A.5, 1949), 172 F.2d 205.
 {¶ 39} Although the Court did note that federal holding, the Supreme Court in AMCA was faced with a timely direct appeal of a default entry. They were not deciding the appeal of a motion to vacate. See id. at 89-90 (revealing that the trial court did not rule on motion to vacate and that the appeal was based upon actual judgment granting default). Thus, the statement is not law or a direct adoption of the law cited. In fact, it may not even be considered dicta as it is a mere notation of various federal holdings.
 {¶ 40} As aforementioned, a void judgment is defined as one entered without jurisdiction. State ex rel. Beil v. Dota (1958),168 Ohio St. 315, 319-320 (concluding that mere erroneous exercise of judicial power, where there existed subject matter and personal jurisdiction, is not void). This use of jurisdiction in this context refers to subject matter and personal jurisdiction. See id. See, also, Eisenberg v. Peyton
(1978), 56 Ohio App.2d 144, 147, 152 (8th Dist.). Personal jurisdiction is dependent on receiving notice of a suit or waiver of such, and it is true that this aspect of personal jurisdiction implicates the due process clause. But, this connection does not necessarily make every single due process issue eternally subject to collateral attack. *Page 12 
 {¶ 41} Rather, it seems to us that typical due process violations, other than a lack of personal jurisdiction, are voidable but not void. Otherwise, all entries which could be described as being entered on issues or motions prior to notice and opportunity to be heard would be subject to attack indefinitely without the Civ.R. 60(B)(5) limitation of vacation being sought within a reasonable time. In contravention of the cases cited by appellant, the Staff Note to Civ.R. 55 speaks of a default judgment being void only if personal service (which provides personal jurisdiction) was never obtained over the defendant; it does not mention due process issues as voiding the judgment. Additionally, there are cases opposing the view of Plant and Skinner and that instead hold that default judgment is merely voidable and not void due to a lack of notice before judgment. See, e.g., National City Mtge. Co. v. Johnson Assoc. Fin. Serv., 2d Dist. No. 21164, 2006-Ohio-2364, ¶ 16 (2d Dist.); Miamisburg Motel v. Huntington Natl. Bank (1993),88 Ohio App.3d 118; Lexis-Nexis v. Robert Binns Assoc, Inc. (Dec. 1, 1998), 10th Dist. No. 98AP-228.
 {¶ 42} Nevertheless, even if appellate holdings such as Skinner,Shear and Plant properly provide an extension of the traditional rule that a void judgment is one lacking subject matter or personal jurisdiction, those cases are distinguishable as they were based upon faulty default judgments whereas this case does not involve default. Default judgment cases often rely on items outside the record to support the vacation arguments, making them less amenable to appeal. Default judgments are governed by the defining and notice provisions of Civ.R. 55(A). Due to the provision of a specific time for notice before the court can act on a default, one could construe the lack of notice as a lack of jurisdiction to act. These features distinguish the default line of cases from the case at bar.
 {¶ 43} Furthermore, appellant's due process argument relies on the notice required by Civ.R. 41(B)(1). However, contrary to appellant's argument, the dismissal here was not covered by the notice provision of Civ.R. 41(B)(1). The rationale for the trial court's dismissal was for failure to comply with the statute of limitations and suggested a savings statute violation as well. Such reasons are not covered by the rule's notice provision. Civ.R. 41(B)(1) ("Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on *Page 13 
its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."). Thus, the basis for and strength of appellant's due process argument is further diminished.[3]
 {¶ 44} We also note that sua sponte dismissals other than those mentioned in Civ.R. 41(B)(1) are permissible. See State ex rel. Edwardsv. Toledo City Sch. Dist. Bd. of Edn. (1995), 72 Ohio St.3d 106, 109. There, the Court noted that statute of limitations issues can be disposed of by Civ.R. 12(B)(6) where the problem is apparent from the complaint. Id. The Court then stated that before entering a sua sponte Civ.R. 12(B)(6) dismissal, the trial court should generally give notice of the court's intent to dismiss and an opportunity to respond. Id. Yet, the Court then recognized exceptions allowing sua sponte dismissal without notice where the complaint is frivolous or the plaintiff obviously cannot prevail on the facts set forth in the complaint. Id. at 109-110.
 {¶ 45} This generality of the holding and the adoption of exceptions means that a sua sponte dismissal without prior notice is not void as a due process violation. In other words, the Edwards case tends toestablish that sua sponte dismissals of complaints without notice thatdo not fall under one of the court-created exceptions are voidablerather than void. See id. See, also, State ex rel. Peeples v.Anderson (1995), 73 Ohio St.3d 559, 560 (holding that a sua sponte dismissal without notice is permissible in some circumstances, and that even if non-permissible reasons were assigned as basis for dismissal, decision can be affirmed if proper reasons exist). If a sua sponte dismissal without notice can be factually proper in some cases, then those dismissals that turn out to be improper would be merely voidable.
 {¶ 46} As appellees reason, under the trial court's assessment (correct or not), appellant could not prevail on the face of its complaint, and thus, it was within the court's jurisdiction to dismiss upon such determination. Where the trial court had subject matter and personal jurisdiction, such a dismissal entry is not eternally subject to vacation by the injured party and outside the realm of the appellate rules and Civ.R. 60(B). *Page 14 
 {¶ 47} In conclusion, even if the trial court violated Civ.R. 41(B)(1) or even if the dismissal did not fall under an Edwards exception to notice, appellant's remedy was an appeal of the judgment (or possibly atimely motion for relief), but such dismissal was not void for mere lack of notice prior to dismissal. See Van DeRyt v. Van DeRyt (1966),6 Ohio St.2d 31, 36 (where the only issue is a mistake by the trial court in an otherwise effective judgment, the "reasons for the court's inherent power to vacate vanish"). Because a sua sponte dismissal without prior notice is voidable but not void, this assignment of error is overruled.
 {¶ 48} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, J., concurs. Waite, J., concurs.
[1] A November 21, 2001 judgment entry in case number 00CV578 provides that appellant voluntarily dismissed its complaint without prejudice pursuant to Civ.R. 41(A)(1) with the right to refile the action within one year.
[2] On August 15, 2006, the magistrate recommended granting and on December 5, 2006, the trial court granted appellees' summary judgment motion in 05CV1830 based upon the April 18, 2003 judgment now sought to be vacated. Appellant failed to appeal that judgment until February 8, 2007, resulting in case number 07MA26. That appeal was dismissed as untimely by this court on February 27, 2007.
[3] We also note that appellant had some notice of the issue as appellees' answer raised defenses such as failure to state a claim and statute of limitations and asked for the complaint to be dismissed. Since defendants typically include every possible defense in their answer without expecting a response and since appellees do not raise this argument, we shall only note the arguable position that the court's dismissal was not in fact sua sponte. *Page 1