[Cite as *Hall v. Hall*, 2013-Ohio-2654.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| CAROL HALL | JUDGES:<br>Hon. William B. Hoffman, P. J.<br>Hon. Sheila G. Farmer, J. |
|     Plaintiff-Appellee | Hon. John W. Wise, J. |
| -vs- | Case No. 2012 CA 00123 |
| DEAN HALL | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Civil Appeal from the Court of Common Pleas, Domestic Relations Division, Case No.  2000 DR 00042


JUDGMENT:    Dismissed


DATE OF JUDGMENT ENTRY:    June 24, 2013


APPEARANCES:

For Plaintiff-Appellee

STANLEY R. RUBIN
437 Market Avenue North
Canton, Ohio  44702

For Defendant-Appellant

LORRIE E. FUCHS
Post Office Box 35787
Canton, Ohio  44735

*Wise, J.*

{¶1} Appellant Dean Hall appeals the decision of the Stark County Court of Common Pleas, Domestic Relations Division, which denied his motion to reconsider the denial of his motion to terminate spousal support and for other relief. Appellee Carol Hall is appellant's former spouse and the obligee on the spousal support order. The relevant facts leading to this appeal are as follows.

{¶2} Appellant Dean and Appellee Carol were married in November 1984. Three children, all presently emancipated, were born of the marriage.

{¶3} On January 10, 2000, Appellee Carol filed a complaint for legal separation. On September 25, 2000, Appellant Dean filed a counterclaim for divorce.

{¶4} Most of the issues in the case were ultimately settled via an oral separation agreement read into the record. The final decree of divorce, filed April 4, 2001, incorporated, *inter alia*, the following orders as to payment of spousal support:

{¶5} "It is hereby ORDERED, ADJUDGED, AND DECREED that [Dean] will pay the sum of One Thousand Sixty-three Dollars and Seventy-five ($1,063.75) per month in spousal support for the lifetime of [Carol]. Said payments will be made to [Carol] through the Stark County Child Support Enforcement Agency with necessary two percent (2%) poundage, beginning February 1, 2001. The Court shall retain jurisdiction over this issue for the lifetime of the parties."

{¶6} Divorce Decree at 3-4.

{¶7} In August 2002, Dean filed a motion to modify spousal support, which was denied by the trial court following a hearing.

**{¶8}**  In May 2007, Dean again filed a motion to modify spousal support. The matter proceeded to a scheduled evidentiary hearing before a magistrate. On October 17, 2007, the magistrate issued a decision, which was approved by the trial court, modifying spousal support by agreement of the parties to $700.00 per month, commencing October 1, 2007. The court also ordered, again with the agreement of the parties, that it would not retain jurisdiction over the issue of further spousal support modification. No language regarding death of the parties or remarriage of Carol was included in the judgment entry.

**{¶9}**  On January 4, 2012, Dean filed a "motion to terminate spousal support and other relief available" based on Carol's remarriage. Carol responded with a motion to dismiss Dean's motion on May 9, 2012, essentially arguing the trial court lacked jurisdiction regarding such request for spousal support termination based on the aforesaid judgment entry of October 17, 2007.

**{¶10}** On May 14, 2012, the trial court issued a judgment entry dismissing Dean's motion of January 4, 2012.

**{¶11}** Dean filed a motion for reconsideration on May 31, 2012. Carol filed a written reply thereto on June 12, 2012.

**{¶12}** The trial court conducted a hearing to allow oral arguments on June 13, 2012. Following the hearing, on June 14, 2012, the trial court issued a four-page judgment entry denying Dean's motion to reconsider the judgment entry of dismissal of May 14, 2012.

**{¶13}** On June 29, 2012, Appellant Dean filed a notice of appeal. He herein raises the following three Assignments of Error:

**{¶14}** "I. THE TRIAL COURT COMMITTED AN ERROR OF LAW WHEN IT FAILED TO FIND THAT ONCE JURISDICTION IS RESERVED IN A FINAL DECREE NEITHER THE COURT NOR THE PARTIES CAN VACATE ITS RESERVATION OF JURISDICTION.

**{¶15}** "II. THE COURT COMMITTED AN ERROR OF LAW WHEN IT DETERMINED THAT THE LEGAL PRECEDENT SET IN *SCHUMACHER VS COVENO* PRECLUDED RELIEF TO DEAN HALL.

**{¶16}** "III. THE COURT COMMITTED AN ERROR OF LAW WHEN IT FOUND THAT DEAN HALL COULD NOT TERMINATE SPOUSAL SUPPORT EVEN IF THE COURT RETAINED JURISDICTION BECAUSE THE PARTIES DID NOT PROVIDE FOR TERMINATION UPON REMARRIAGE IN THEIR SEPARATION AGREEMENT."

I., II., III.

**{¶17}** In his First, Second, and Third Assignment of Error, Appellant Dean challenges various aspects of the trial court's denial of his motion to reconsider the denial of his motion to terminate spousal support and for other relief.

**{¶18}** We first consider our jurisdiction to hear the present appeal. Generally, motions for reconsideration by a trial court are only permissible to obtain relief from a non-final order. *See McGee v. Lynch*, Erie App.No. E-06-063, 2007-Ohio-3954, ¶ 27. The Ohio Civil Rules do not provide for motions for reconsideration after a final judgment, therefore such a motion is considered a nullity. *Pitts v. Dept. of Transportation* (1981), 67 Ohio St.2d 378, 423 N.E.2d 1105. It follows that a judgment entered on a motion for reconsideration is also a nullity and a party cannot appeal from

such a judgment. *Kauder v. Kauder* (1974), 38 Ohio St.2d 265, 313 N.E.2d 797; *George v. Parker* (Sept. 10, 1999), Fairfield App. No. 99CA3.

{¶19} The foremost issue at this juncture is whether the trial court's entry of dismissal of May 14, 2012 constituted a final appealable order. We note R.C. 2505.02(B) states in pertinent part:

{¶20} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶21} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶22} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶23} " *** "

{¶24} In *Noll v. Noll*, Lorain App.Nos. 01CA007932, 01CA007976, 2002-Ohio-4154, the Ninth District Court of Appeals reviewed a trial court's order that *inter alia* denied a former spouse's motion to terminate spousal support. The Ninth District Court recognized that "[a] special proceeding under R.C. 2505.02 is one that is specially created by statute and that was not denoted as an action at law or a suit in equity prior to 1853. *** Divorce proceedings were not recognized at common law and are 'purely a matter of statute.' " *Id.* at ¶ 10, citing *State ex rel. Papp v. James* (1994), 69 Ohio St.3d 373, 379, 632 N.E.2d 889. The Court proceeded to conclude that an order regarding the termination of spousal support, entered into pursuant to a divorce action, is an order entered in a special proceeding pursuant to R.C. 2505.02 and, furthermore, that

"[t]he portion of the order denying [the] motion for termination of spousal support affects a substantial right." *Id.* Therefore, such an order is a final, appealable order. *Id.*

{¶25} Applying a similar analysis to the procedural circumstances of the case sub judice, we hold the trial court's May 14, 2012 dismissal of Dean's motion to terminate spousal support was a final appealable order. Therefore, although the trial court chose to hear the legal arguments on Dean's motion to reconsider and issued a detailed decision denying same, appellant had no valid basis to appeal from the reconsideration decision.

{¶26} In his reply brief, Dean nonetheless maintains that he also based his motion to terminate spousal support on "any other reason justifying relief," including his assertion that the 2007 modification of spousal support was a void ruling, based on the theory that a court granting a divorce and retaining jurisdiction over spousal support cannot subsequently divest itself of such jurisdiction. Dean urges that this "void ruling" argument was not specifically addressed in the May 14, 2012 dismissal, thus making said dismissal non-final and opening the door for a proper reconsideration by the trial court. However, the record before us is clear that the trial court's May 14, 2012 judgment entry dismissed *in toto* his motion to terminate spousal support and "other relief available." Therefore, even if Dean originally planned to argue that the trial court lacked subject matter jurisdiction to cease further retention of continuing jurisdiction over spousal support, that argument was ripe for appeal upon the issuance of the May 14, 2012 judgment entry, which we have found to be the final appealable order under the circumstances of this case.

**{¶27}** In sum, we find Dean's present appeal of the June 14, 2012 judgment entry denying reconsideration is not cognizable by this Court on direct appeal, and we are without jurisdiction to further address his Assignments of Error.

**{¶28}** For the reasons stated in the foregoing opinion, the appeal of the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is hereby dismissed.

By: Wise, J.

Hoffman, P. J., and

Farmer, J., concur.

_____

_____

_____

                                                JUDGES

JWW/d 0529

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CAROL HALL | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DEAN HALL | : | |
| | : | |
| Defendant-Appellant | : | Case No. 2012 CA 00123 |

For the reasons stated in our accompanying Memorandum-Opinion, the appeal of the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is dismissed.

Costs assessed to appellant.

_____

_____

_____

JUDGES