[Cite as *Freedom Mtge. Corp. v. Hufford*, 2017-Ohio-1111.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| FREEDOM MORTGAGE CORPORATION | : | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J., |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | Case No. 16-CA-72 |
| | : | |
| GORDON L. HUFFORD, ET AL | : | |
| | : | O P I N I O N |
| Defendant-Appellee | | |

CHARACTER OF PROCEEDING:      Civil appeal from the Licking County Court of Common Pleas, Case No. 2015 CV 00745

JUDGMENT:      Dismissed

DATE OF JUDGMENT ENTRY:      March 24, 2017

APPEARANCES:

For Plaintiff-Appellant

GREGORY STOUT
Reisenfeld & Associates
3962 Red Bank Road
Cincinnati, OH 45227

For Defendant-Appellee

DAVID WIGGINTON
Box 309
32 North Park Place
Newark, OH 43055

*Gwin, P.J.*

{¶1} Appellant appeals the August 11, 2016 judgment entry of the Licking County Court of Common Pleas denying its motion to vacate dismissal.

*Facts & Procedural History*

{¶2} On September 2, 2015, appellant Freedom Mortgage Corporation filed a complaint for foreclosure against appellee Gordon Hufford. The trial court issued a foreclosure case management schedule on September 9, 2015, including dates for discovery and dispositive motions. Additionally, the trial court set the matter for a final pre-trial conference on June 8, 2016 and a trial to the court on July 6, 2016.

{¶3} On June 8, 2016, the trial court issued a judgment entry dismissing the case for failure to prosecute. The trial court stated plaintiff failed to appear at the final pre-trial, failed to notify the Court for its failure to appear, and thus the action was dismissed for failure to prosecute. The trial court ordered the clerk of courts to serve a copy of the judgment entry of dismissal on all parties or counsel, including the listed counsel for plaintiff.

{¶4} Appellant filed a motion to vacate dismissal on July 27, 2016. Appellant asserted in its motion that the dismissal entry of June 8th was a dismissal without prejudice and thus, appellant moved the trial court to reconsider its dismissal. Appellant stated it was not looking for relief pursuant to Civil Rule 60(B) since the dismissal order was not a final appealable order. On August 11, 2016, the trial court issued a judgment entry denying appellant's motion to vacate dismissal.

{¶5} Appellant filed a notice of appeal appealing from the August 11, 2016 judgment entry denying its motion to vacate dismissal. Appellant assigns the following as error:

{¶6} "THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S COMPLAINT PURSUANT TO CIV.R. 41(B)(1)."

I.

{¶7} Also pending before this Court is appellee's motion to dismiss the appeal for lack of jurisdiction. In the motion to dismiss, appellee argues that appellant has failed to file a timely appeal and/or, in the alternative, that this Court lacks jurisdiction because appellant has appealed from a non-final order. Appellee's motion to dismiss shall be addressed in the following opinion.

{¶8} Appellant argues the trial court erred in dismissing its complaint pursuant to Civ.R. 41(B)(1) as the trial court did not inform the parties that dismissal would be the penalty imposed for the failure to comply with the deadlines and the trial court failed to comply with the notice requirement contained in Civ.R. 41(B)(1) prior to dismissal. Appellee does not dispute the trial court failed to comply with the notice requirement of Civil Rule 41(B)(1). However, appellee contends the order at issue is not a final appealable order.

*Final Appealable Order*

{¶9} Thus, as a preliminary matter, we must determine whether the order under review is a final, appealable order. If an order is not final and appealable, then we have no jurisdiction to review the matter and must dismiss it. See *Gen. Acc. Ins. Co. v. Ins. Co. of N. America*, 44 Ohio St.3d 17, 540 N.E.2d 266 (1989).

{¶10} Ohio law provides that appellate courts have jurisdiction to review only final orders or judgments. See, generally, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. To be final and appealable, an order must comply with R.C. 2505.02 and Civ.R. 54(B), if applicable. R.C. 2502.02(B) provides the following, in pertinent part:

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, without or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment. * * *

{¶11} To qualify as final and appealable, the trial court's order must satisfy the requirements of R.C. 2505.02, and if the action involves multiple claims and/or multiple parties and the order does not enter judgment on all the claims and/or as to all parties, the order must also satisfy Civil Rule 54(B) by including express language that "there is no just reason for delay." *Int'l. Brotherhood of Electrical Workers, Local Union No. 8 v. Vaughn Indus., LLC*, 116 Ohio St.3d 335, 2007-Ohio-6439, 879 N.E.2d 101. However, we note that "the mere incantation of the required language does not turn an otherwise non-final order into a final appealable order." *Noble v. Colwell*, 44 Ohio St.3d 92, 540 N.E.2d 1381 (1989).

{¶12} Civil Rule 41(B)(1) provides, in pertinent part: "where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an

action or claim." Civil Rule 41(B)(3) provides, "a dismissal under division (B) of this rule * * * operates as an adjudication on the merits unless the court, in its order for dismissal, otherwise specifies." Thus, Civil Rule 41(B)(1) operates as an adjudication on the merits unless otherwise specified by the court. Civil Rule 41(B)(3); *Thillberg v. Major*, 11th Dist. Trumbull No. 90-T-4487, 1991 WL 206625 (Sept. 30, 1991).

{¶13} The record in this case clearly indicates the complaint was dismissed for failure to prosecute. Since the trial court did not state otherwise in its dismissal entry, the dismissal for failure to prosecute is considered a dismissal with prejudice. *Id.* The effect of the order was clear and the existence of the trial court's alleged errors was apparent from the day the order was filed. Regardless of whether it was procedurally proper, the trial court's entry clearly dismissed appellant's complaint with prejudice. Thus, the June 8, 2016 judgment entry of dismissal was a final, appealable order. Accordingly, appellant could have filed a timely appeal from that judgment entry of dismissal.

{¶14} Appellant instead filed a motion for reconsideration with the trial court on July 27, 2016. However, as this Court has previously held, generally motions for reconsideration to a trial court are only permissible to obtain relief from a non-final order. *Frabott v. Swaney*, 5th Dist. Delaware No. 13 CAE 05 0047, 2013-Ohio-3354; *Bringman v. Bringman*, 5th Dist. Knox No. 16CA01, 2016-Ohio-7514. The Ohio Civil Rules do not provide for motions for reconsideration after a final judgment. *Id.* Therefore, such a motion is considered a nullity. *Pitts v. Dept. of Transportation*, 67 Ohio St.2d 378, 423 N.E.2d 1105 (1981). It follows that a judgment entered on a motion for reconsideration is also a nullity and a party cannot appeal from such a judgment. *Hall v. Hall*, 5th Dist.

Stark No. 2012 CA 00123, 2013-Ohio-2654; *Kauder v. Kauder*, 38 Ohio St.2d 265, 313 N.E.2d 797 (1974).

{¶15} The June 8, 2016 judgment entry was a final, appealable order. As stated above, the Ohio Civil Rules do not provide for motions for reconsideration after a final judgment. Therefore, the motion for reconsideration filed in this case was a nullity. Accordingly, we find appellant's present appeal of the judgment entry denying reconsideration is not cognizable by this Court on direct appeal, and we are without jurisdiction to further address its assignment of error.

*Void Judgment*

{¶16} For the first time in either the trial court case or the pending appeal, appellant argues in its reply to appellee's motion to dismiss that the June 8, 2016 judgment entry is void and thus the trial court had the inherent power to set aside the void judgment through a motion to vacate. We first note that appellant failed to make this argument to the trial court.

{¶17} However, even if we consider appellant's argument, we find the argument to be not well-taken. Appellant contends the trial court's sua sponte dismissal of the complaint without notice as required by Civil Rule 41(B)(1) was contrary to due process and thus the judgment entry dismissing the case was void. We agree with appellant that the authority to vacate a void judgment is not derived from Civil Rule 60(B) and is instead an inherent power possessed by the trial court. *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988); *Davis v. Page*, 5th Dist. Stark No. 2007 CA 00248, 2008-Ohio-6415. A void judgment is one that is rendered by a court that is wholly without jurisdiction or

power to proceed in that manner.  *In re Lockhart*, 157 Ohio St. 192, 105 N.E.2d 35 (1952); *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306.

**{¶18}**  However, we concur with appellee that the dismissal entry in this case is voidable, not void.  We find the cases cited by appellant to be distinguishable from the instant case.  In both *Kingery's Black Run Ranch, Inc. v. Kellough*, 4th Dist. Ross No. 00CA2549, 2001 WL 1767382 (Dec. 18, 2001) and *Boehm, Kurtz & Lowry v. Evans Landscaping, Inc.*, 1st Dist. Hamilton No C-140597, 2015-Ohio-2692, the judgments found to be void were default judgments granted sua sponte by the trial court even though the adverse party had appeared in the case.  The courts found that since the parties appeared in the cases, in order to grant default, the moving party had to present a prima facie case before the trial court.  *Id.*  Thus, a sua sponte default judgment was a void judgment.  *Id.*  However, this case does not involve default and those cases are thus distinguishable from the case at bar.  See *Northland Insurance Co. v. Poulos*, 7th Dist. Mahoning No. 06 MA 160, 2007-Ohio-7208.

**{¶19}**  Rather, in a case with facts analogous to the instant case in which a trial court dismissed a case with prejudice for the failure to prosecute pursuant to Civil Rule 41(B)(1) without the requisite notice, the Eleventh District Court of Appeals found, "even if appellant is correct about the failure of the pre-dismissal notice, that failure merely results in a 'voidable' judgment rather than a 'void' judgment."  *Thillberg v. Major*, 11th Dist. Trumbull No. 90-T-4487, 1991 WL 206625 (Sept. 30, 1991).  Additionally, that "any claimed errors regarding the final judgment of the trial court could have been appealed within thirty days of that order."  *Id.*  Similarly, the Seventh District Court of Appeals has held, "typical due process violations, other than lack of personal jurisdiction, are voidable,

but not void." *Northland Insurance Co. v. Poulos*, 7th Dist. Mahoning No. 06 MA 160, 2007-Ohio-7208. Further, "even if the trial court violated Civ.R. 41(B)(1) * * * appellant's remedy was an appeal of the judgment" and such a dismissal is not void, but is voidable. *Id.*

{¶20} Accordingly, we find the judgment entry of dismissal in this case was voidable, not void. The final judgment could have been appealed within thirty days of the judgment entry issued on June 8, 2016.

{¶21} Based on the foregoing, we find the trial court's August 11, 2016 order denying the motion for reconsideration is not cognizable by this Court on direct appeal. Therefore, this Court lacks jurisdiction to address appellant's assignment of error. Accordingly, the appeal is dismissed.

By Gwin, P.J.

Hoffman, J., and

Baldwin, J., concur