[Cite as *In re Guardianship of Burson*, 2025-Ohio-898.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | | JUDGES: |
| IN THE MATTER OF: THE | : | Hon. William B. Hoffman, P. J. |
| GUARDIANSHIP OF | : | Hon. Kevin W. Popham, J. |
| ELIZABETH BURSON | : | Hon. David M. Gormley, J. |
| | : | |
| | : | |
| | : | |
| | : | Case No. 2024 CA 00039 |
| | : | |
| | : | |
| | : | |
| | : | <u>OPINION</u> |

CHARACTER OF PROCEEDING:     Appeal from the Fairfield County Court of
Common Pleas, Probate Division, Case No.
PG00068376

JUDGMENT:                        Dismissed

DATE OF JUDGMENT ENTRY:      March 17, 2025

APPEARANCES:

For-Appellee GSB                    For-Appellant Edwin Burson

R. KYLE WITT
Prosecuting Attorney                RAY J. KING
239 West Main Street, Ste. 101      6128 Renwell Lane
Lancaster, OH 43130                 Columbus, OH 43230

*Popham, J.*

{¶1} Appellant Edwin Burson appeals the August 22, 2024, judgment entry of the Fairfield County Court of Common Pleas, Probate Division, overruling his motion for reconsideration. Appellee is the Fairfield County Guardianship Services Board ("GSB").

*Facts & Procedural History*

{¶2} Elizabeth Burson ("Elizabeth") is currently thirty years old and has been in a guardianship since 2012. Originally, Elizabeth's mother, Regina Burson, and her father, appellant Edwin Burson, were co-guardians of Elizabeth.

{¶3} On March 11, 2021, both the Fairfield County Board of Developmental Disabilities ("FCBDD") and a therapist at Columbus Springs East, filed incident reports with the trial court, stating Elizabeth's house manager reported that appellant was taking Elizabeth's food stamps for himself and was verbally abusive to Elizabeth. The therapist also reported that appellant was verbally aggressive towards her and other staff, making threats of physical harm, including following staff members to their homes. Upon receipt of the incident reports, the trial court held a hearing and appointed the GSB as interim guardian of the person of Elizabeth until April 19, 2021. The trial court also set a hearing for April 5, 2021.

{¶4} After the hearing on April 5, 2021, the trial court removed appellant and Regina as co-guardians and appointed GSB as Elizabeth's guardian. The court held a status hearing on June 24, 2021, which appellant attended. The court ordered appellant not to enter Elizabeth's apartment or contact the home health aide directly, but permitted Regina to be the primary contact with GSB and all care providers. After an incident report was filed in which it was alleged appellant contacted home health care providers and told

these providers he had hired someone to kill the GSB coordinator, the court ordered appellant not to have any contact with GSB staff, FCBDD staff, or any of Elizabeth's other healthcare providers.  The court also ordered any visits between Elizabeth and appellant to be at the discretion of the GSB.  In May of 2022 after appellant filed a motion, the court permitted appellant to have contact with Elizabeth with a GSB caseworker present.

{¶5}    After appellant filed a motion to expand his visitation in September of 2022, the trial court appointed Elizabeth a guardian ad litem ("GAL").  The trial court held a hearing in January of 2023 and allowed the GAL to schedule visitation between Elizabeth and appellant, and allowed the GAL to designate a supervisor for this visitation.  Appellant was ordered not to call Elizabeth, but she could call him.

{¶6}    Appellant filed another motion in July of 2023 for expanded visitation.  The court found, upon the recommendations of the GAL, GSB, and a nurse practitioner, that expanded visitation was not beneficial to Elizabeth.  Thus, any visits remained at the discretion of GSB and the GAL, with GSB being the primary decision-maker as the guardian of her person.  On October 16, 2023, the court appointed Attorney Amanda Morris as the guardian of Elizabeth's estate.  The court permitted the GAL to withdraw on November 17, 2023, because Elizabeth was doing well.

{¶7}    On December 11, 2023, appellant filed a motion for weekly visitation and re-appointment of the GAL.  The court set a hearing for March 19, 2024.  Appellant filed an "expedited" motion for visitation on January 18, 2024.  The trial court denied the motion.  On February 6, 2024, counsel for appellant filed a motion to continue the March 19th hearing due to his travel schedule.  The trial court re-scheduled the hearing for when counsel returned from his travels, on May 5, 2024.

{¶8} On March 5, 2024, FCBDD filed a request for a status hearing due to ongoing issues with contact between appellant and Elizabeth, including appellant's violation of the no-contact order. The court held a hearing on March 12, 2024. After the hearing, the court issued a judgment entry stating: appellant is prohibited from having any contact in any form with staff from FCBDD, GSB, the guardian of the estate, and any other healthcare providers; any contact with these individuals or entities shall be initiated by counsel for appellant; appellant is prohibited from being at Elizabeth's residence, GSB offices, or FCBDD offices; and visits between appellant and Elizabeth shall be at the sole discretion of GSB.

{¶9} GSB filed an incident report on March 15, 2024, notifying the court that appellant called Elizabeth, in violation of the court order. Due to the violation of the court order, the court ordered appellant to have no contact, in any form, with Elizabeth, her service providers, or her caregivers until a hearing on April 18, 2024. After the April hearing, the court ordered appellant not to initiate any contact with Elizabeth, including returning any missed calls. Visitation continued to be at the sole discretion of GSB, however, GSB was willing to let visitation occur once every other week as long as it was supervised at the Fairfield County Visitation Center.

{¶10} On June 10, 2024, one of Elizabeth's caregivers filed a "General Event Report" with the court, stating there were multiple violations of the no-contact order by appellant. Appellant filed a motion for weekly visitation, requesting a hearing on his motion. The trial court issued a judgment entry on June 25, 2024, setting the matter for a non-oral hearing on July 23, 2024, at 8:00 a.m. The court specifically requested the GAL provide an updated recommendation as to the motion to increase visitation, but also

stated that all parties were welcome to submit evidence or information for the non-oral hearing.

{¶11} On July 10, 2024, the caregiver again filed a "General Event Report" with the court, stating appellant violated the no-contact order by calling Elizabeth multiple times. The GAL filed her report and recommendations on July 22, 2024. The GAL recommended that visitation between appellant and Elizabeth be increased to two hours every other week and all other orders relating to contact and visitation should be maintained. However, weekly visits would not be in Elizabeth's best interest. Elizabeth herself expressed to the GAL that weekly visits would be "too much for her," but she wanted to increase the length of the visits to two hours. Throughout the proceedings, Elizabeth has been permitted to call appellant at her discretion, which she likes. However, appellant's calls to Elizabeth cause her distress. The GAL noted that appellant continued to violate court orders and initiate contact with Elizabeth but the frequency and severity have "decreased somewhat." The GAL e-mailed her report to appellant's counsel on July 19, 2024, at the e-mail address that has consistently been utilized throughout counsel's representation of appellant throughout these proceedings.

{¶12} The trial court held a non-oral hearing on July 23, 2024. On the date of the non-oral hearing, appellant filed an affidavit, stating he wants to increase his visits and be able to call Elizabeth. In a judgment entry on July 23, 2024, the trial court stated it considered the GAL report and the "General Event Report" dated July 10, 2024, showing five recent phone calls by appellant in violation of court orders. The court ordered visits to remain every other week, but expanded the visits to two hours. The court stated it was "demonstrating patience" as counsel for appellant clarifies court orders with appellant, but

warned there could be future consequences for continued violations of court orders. The court re-iterated that appellant should not call Elizabeth for any reason. Appellant did not appeal the trial court's July 23, 2024, judgment entry.

{¶13} Appellant filed a motion for reconsideration on August 2, 2024. Appellant argued the July order was based upon ex parte communications (the GAL report and the "General Event Report"). Appellant additionally asserted he "assumed" the trial court did not review his affidavit because it was filed after the scheduled non-oral hearing set at 8:00 a.m. and because it was not referenced in the court's judgment entry.

{¶14} The trial court issued a judgment entry on August 22, 2024, denying appellant's motion for reconsideration, again stating it was not in the best interest of Elizabeth for visitation to be weekly.

{¶15} Appellant appeals the August 22, 2024, judgment entry of the Fairfield County Court of Common Pleas, Probate Division, and assigns the following as error:

{¶16} "I. THE TRIAL COURT ERRED IN DECIDING THE CASE IN WHOLE OR IN PART BY RELYING UPON UNLAWFUL EX PARTE COMMUNICATIONS; FAILING TO HOLD AN IN-PERSON HEARING; AND REFUSING TO MODIFY HER DECISION ONCE SHE WAS MADE AWARE OF THE ERRORS IN THE PROCEEDING."

I.

{¶17} In his sole assignment of error, appellant claims the trial court committed error in denying his motion for reconsideration.

{¶18} Before reaching the merits of appellant's appeal, we must first determine whether this Court has jurisdiction to hear the appeal. *Noble v. Colwell*, 44 Ohio St.3d 92 (1989) (jurisdictional issues may be raised sua sponte by appellate court). Appellant

appeals from the August 22, 2024, judgment entry, which denies his motion for reconsideration.

{¶19} The Ohio Rules of Civil Procedure do not provide for motions for reconsideration. *Primmer v. Lipp*, 2003-Ohio-3577 (5th Dist.). Further, the Supreme Court of Ohio and this Court have consistently held that "motions for reconsideration of a final judgment in the trial court are a nullity." *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 380 (1981); *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988) (motion for reconsideration in the trial court is "a nullity" and a "legal fiction"); *Primmer v. Lipp*, 2003-Ohio-3577 (5th Dist.); *Wilcox v. Wilcox*, 2018-Ohio-3642 (5th Dist.); *McKinney v. Omni Die Casting, Inc.*, 2017-Ohio-2949 (5th Dist.). It follows that a judgment entered on a motion for reconsideration is also a nullity and a party cannot appeal from such a judgment. *Kauder v. Kauder*, 38 Ohio St.2d 265 (1974); *Freedom Mtge. Corp. v. Hufford*, 2017-Ohio-1111 (5th Dist.).

{¶20} As set forth above, under Ohio law, a motion for reconsideration of a final order in a civil case is a nullity and all judgments or final orders from said motion are also a nullity. The July 23, 2024, judgment entry was a final, appealable order. *In re Guardianship of Flohr*, 2014-Ohio-5847 (5th Dist.). Because a trial court order denying reconsideration is a nullity and not subject to appeal, the trial court's August 22, 2024, judgment entry denying appellant's motion for reconsideration is not a final, appealable order. Accordingly, this Court lacks jurisdiction to entertain appellant's appeal and his assigned error.

{¶21} Even assuming arguendo that appellant's intention was to appeal the July 23, 2024, judgment entry, appellant failed to timely file his notice of appeal. Pursuant to

Appellate Rule 4(A), "a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." Appellant's motion for reconsideration did not extend the appeal time. *Kauder*, 38 Ohio St.2d at 267. A review of the dates involved reveals that appellant did not file his notice of appeal until the end of September, which is not within thirty days of the July 23, 2024, judgment entry. Therefore, this Court is without jurisdiction to determine the merits of appellant's appeal.

{¶22} Based on the foregoing, we find the trial court's August 22, 2024, order denying the motion for reconsideration is not cognizable by this Court on direct appeal. Therefore, this Court lacks jurisdiction to address appellant's assignment of error. Accordingly, the appeal is dismissed.

By Popham, J.,

Hoffman, P.J., and

Gormley, J., concur