[Cite as *Kent v. CDC-Kent, L.L.C.*, 2018-Ohio-3743.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| CITY OF KENT, OHIO, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellees, | : | |
| - vs - | : | **CASE NO. 2017-P-0081** |
| CDC-KENT, LLC, | : | |
| Defendant-Appellee, | : | |
| JOEL VOLCHKO, et al., | : | |
| Defendants-Appellants. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2016 CV 01045.

Judgment: Reversed and remanded.

*James R. Silver*, City of Kent Law Director, and *Eric R. Fink*, Assistant Law Director, 319 South Water Street, Kent, OH 44240 (For Plaintiffs-Appellees)

*Thomas R. Reitz* and *Lisa Marie Lahrmer*, Reitz, Paul & Shorr, 215 West Garfield Road, Suite 230, Aurora, OH 44202 (For Defendant-Appellee).

*Chad E. Murdock*, 228 West Main Street, P.O. Box 248, Ravenna, OH 44266 (For Defendants-Appellants).

TIMOTHY P. CANNON, J.

{¶1} Defendants-appellants—Gina and Joel Volchko, Nina and Dennis Krupa, and Mary Organ—appeal from the October 17, 2017 judgment of the Portage County Court of Common Pleas, denying their motion to vacate the trial court's order that disposed of their counterclaim. The judgment is reversed for the reasons that follow.

**{¶2}** Defendant-appellee, CDC-Kent, LLC, owns University Oaks Apartments near Kent State University in Kent, Ohio. In 2015, CDC-Kent sought approval of a site plan from Kent Planning Commission to develop the property located at 5914 Horning Road, also near Kent State University, to build new student townhomes. CDC-Kent's site plan relied upon parking requirements contained in the November 20, 2013 Amendment to Kent Codified Ordinance §1122.08 ("the Amendment"), which reduced the required number of parking spaces for rooming and boarding houses from 1.25 per bed to 0.80 per bed. Kent Planning Commission ultimately denied the site plan. CDC-Kent filed an administrative appeal against the City of Kent, which was successful, and CDC-Kent's application was granted as of July 11, 2016. *See CDC-Kent, LLC v. The City of Kent Planning Comm.*, Portage County Case No. 2016 CV 00026. No appeal was taken from this order.

**{¶3}** On November 29, 2016, plaintiffs-appellees—City of Kent, Ohio and Kent Planning Commission ("Plaintiffs")—filed a complaint against CDC-Kent, requesting a declaratory judgment and injunctive relief. Plaintiffs also named the Volchkos, the Krupas, and Ms. Organ as individual defendants (the "Resident Defendants"). The complaint stated these individuals may have an interest in the action that may be affected due to CDC-Kent's proposed land development.

**{¶4}** Plaintiffs alleged the Amendment to §1122.08 of the Kent Codified Ordinances was not enacted pursuant to the procedures found in Chapter 1111 of the Ordinances. Specifically, Plaintiffs alleged Kent Planning Commission had not advertised the Amendment for public hearing and had not voted on the changes prior to Kent City Council adopting the Amendment. Thus, Plaintiffs requested a declaratory judgment as to the validity and constitutionality of the Amendment. Plaintiffs further requested an

2

injunction enjoining Kent Planning Commission from ruling upon CDC-Kent's application until after the trial court ruled on the declaratory judgment issue, which would determine the required number of parking spaces for the development.

{¶5} Plaintiffs filed a separate motion for a preliminary injunction, with supporting documents attached. A preliminary injunction hearing was held before the magistrate on December 12, 2016, following which the parties filed memorandums of law in support of their respective positions.

{¶6} The only witness to testify at the preliminary injunction hearing, called by Plaintiffs, was Bridget Susel, Community Development Director for the City of Kent. She testified that, in 2013, the City initiated an Amendment to the Kent Zoning Code, seeking to amend the residential parking requirements in §1122.08 (rooming and boarding houses) and §1167.05 (multi-family apartments) of the Kent Codified Ordinances. Ms. Susel testified that the provisions of Chapter 1111 were followed for the amendments to §1167.05, but not for the Amendment to §1122.08. She testified notice of the public meeting mentioned parking with regard to §1167.05, but it did not mention §1122.08. Ms. Susel was not in attendance at the meeting, thus her testimony was solely based on what is reflected by the summary meeting minutes (they were not transcribed verbatim). Ms. Susel testified the summary minutes do not reflect that a recommendation was made concerning §1122.08, and, therefore, the memorandum sent to City Council mistakenly advised that the Planning Commission recommended the proposed changes to §1122.08. Following a public hearing held on November 6, 2013, and relying on the memorandum, City Council adopted the Amendment to §1122.08 on November 20, 2013, at an open meeting. Ms. Susel testified she did not become aware of the mistake until late October or early November 2016, at which time she notified the City's legal department. She

3

additionally testified that the Resident Defendants were chosen to be named in the action because "[t]he development engineer identified those residents that had spoken at the public hearing before Planning Commission on this project specifically."

{¶7} Exhibits were admitted that show the public notice, agenda, staff report, and summary minutes of the Planning Commission's August 20, 2013 meeting do not explicitly mention §1122.08, although they all reference parking requirements. Jennifer Barone, Development Engineer, was present at the meeting and prepared the memorandum, but she did not testify at the preliminary injunction hearing. The summary minutes reflect that Ms. Barone discussed the number of parking spaces that would be required for different properties under the proposed amendments. As is relevant here, the summary minutes state:

> She [Ms. Barone] said the parking requirements for rooming houses had been changed a couple years ago to 1.25 parking spaces required per bed so there would be parking for visitors. She said they were looking at single family homes that had been converted to rooming houses when this change was made. She said a chart was developed to determine the number of parking spaces required for student rentals and apartment complexes based on the number of beds: 1.25 parking spaces required for 0-15 residents on the parcel, 20 parking spaces for 16-20 residents on the parcel, 1 parking space per bed for 21-24 residents on the parcel, .80 parking spaces per bed for 25+ residents on the parcel. She said .80 parking spaces per bed is based on surveying student housing in Kent. She said staff was asking the Planning Commission to recommend the changes to Kent City Council.

These are the parking requirements for rooming and boarding houses listed in the Amendment to §1122.08 as adopted by City Council on November 20, 2013. The summary minutes from the Planning Commission's August 20, 2013 meeting do not, however, reflect that §1122.08 was explicitly referred to by title when the vote was taken.

{¶8} As instructed by the magistrate, the parties filed proposed findings of fact and conclusions of law. The magistrate issued findings of fact and conclusions of law, as

4

they pertained to the request for a preliminary injunction, on December 27, 2016. In doing so, the magistrate did not apply the legal standard for granting a preliminary injunction. *See Arndt v. P & M Ltd.*, 11th Dist. Portage Nos. 2007-P-0038 & 2007-P-0039, 2008-Ohio-2316, ¶64 (citations omitted) ("To be entitled to a preliminary injunction, the moving party must establish, by clear and convincing evidence, that (1) there is a substantial likelihood of ultimately prevailing on the merits, (2) irreparable injury will occur if the injunction is not granted, (3) the rights of third parties will not be harmed if the injunction is granted, and (4) the injunction will serve the public interest."). Rather, the magistrate adopted, with very little change and at times verbatim, the proposed findings of fact and conclusions of law that had been submitted by Plaintiffs, including Plaintiffs' interpretation of their supporting case law.

{¶9} As a result of adopting the document prepared by Plaintiffs, the magistrate appeared to reach the ultimate issue in controversy by concluding that "the amendment to Section 1122.08 of the Kent Codified ordinances was done incorrectly and in violation of Chapter 1111 of the City of Kent codified ordinances. The amendment to Section 1122.08 is 'void ab initio.'"[1] The magistrate further concluded, however, that it was "still

---

1. R.C. 713.121 provides that no action challenging the validity of a zoning ordinance amendment because of a procedural error in the adoption of the amendment shall be brought more than two years after its adoption. As a result, an amendment would be rendered voidable, not void, when there is an error in the process. *See, e.g., Fifth Column v. Valley View*, 100 F.Supp.2d 493, 507 (N.D.Ohio 1998) (holding that even though the city did not meet certain statutory requirements when it passed an ordinance, it was not invalid because it had not been challenged within the two-year statute of limitations).

The magistrate adopted Plaintiffs' interpretation of the case law cited in support of their conclusion that the Amendment was void ab initio. The case law, however, is either distinguishable or simply does not stand for that proposition: *Merriman Constr. Co. v. Bd. of Commrs. of Geauga Cty.*, 11th Dist. Geauga No. 835, 1980 WL 352163, *5 (May 19, 1980) (upholding the trial court's determination that the zoning amendments were "invalid as a matter of law" because they were not "enacted in accordance with a comprehensive plan for the purpose of promoting the public health, safety and morals"); *Smith v. Rich*, 2d Dist. Montgomery No. CA 6137, 1979 WL 208436, *10 (Sept. 10, 1979) (giving notice of a hearing on a zoning proposal is not "jurisdictional as to subject matter," therefore, waiting eight years after the alleged improper notice to file a complaint resulted in waiver of the argument that the notice requirements were not "literally" followed); *State ex rel. Osting v. Sidney*, 3d Dist. Shelby No. 17-2000-21, 2001 WL 272521, *5 (Mar. 20, 2001) (holding the actions taken to adopt an emergency ordinance that instantly rezoned two lots, which was immediately

necessary for the Court to determine the status of Section 1122.08 before the Kent Planning Commission reviews the CDC-Kent, LLC site plan submittal." Thus, the magistrate stated:

> Based upon the facts and law in this matter, the Court grants Plaintiff's Motion for a *temporary Restraining order*, ordering the Kent City Planning Commission to refrain from issuing a ruling on the review of Defendant CDC-Kent, LLC's site plan for the Horning Road property until such time as this Court issues a final ruling on Plaintiff's request for a permanent injunction on the enforcement of current code language for Section 1122.08 of the Kent codified ordinances due to said section's improper adoption. [Emphasis added.]

Plaintiffs had not requested a temporary restraining order, but this was the language used in Plaintiffs' proposed entry, which was adopted by the magistrate. *See* Staff Note 1 to Civ.R. 65 (emphasis sic) ("The *temporary restraining order* * * * contemplates the unusual emergency type situation where immediate action is required to maintain the *status quo* until a hearing can be held. The *preliminary injunction* requires reasonable notice for a hearing and applies to maintain the *status quo* until final hearing, unless altered by further court order.").

{¶10} On January 10, 2017, CDC-Kent filed objections to the magistrate's decision, including detailed objections to the findings of fact. Most notably, regarding the conclusions of law, CDC-Kent objected to the fact that the magistrate did not apply the relevant law or state the burden of proof related to granting a preliminary injunction. It

---

challenged by a group of taxpayers, were procedurally improper and thus "invalid"); *Whitney v. Parrish*, 5th Dist. Delaware Nos. 88-CA-6 & 88-CA-7, 1988 WL 83508 (Aug. 4, 1988) (upholding the trial court's determination that the zoning resolution was void ab initio, but the timeliness of the challenge was not at issue); *Maurer v. Center Twp.*, 6th Dist. Wood No. WD-01-069, 2002-Ohio-4475, ¶15 (holding there were no properly submitted facts or controlling precedent to support the trial court's conclusion that the zoning resolution was void ab initio); *Seyler v. Clark*, Hamilton C.P. No. A-180029, 175 N.E.2d 881 (June 7, 1961) (where the trial court granted a permanent injunction enjoining the board of commissioners from enforcing a resolution because the published notice of the hearing was "insufficient, defective and not in accordance with law").

also objected to the case law relied upon by the magistrate in concluding the Amendment was "void ab initio" and the fact that the magistrate indicated a temporary restraining order was granted, as opposed to a preliminary injunction. The Resident Defendants filed a response to CDC-Kent's objections.

{¶11} Also on January 10, 2017, Plaintiffs filed a motion requesting the trial court adopt the magistrate's decision as an Interim Order, pursuant to Civ.R. 53(D)(4)(e), which provides, "[a] court that adopts, rejects, or modifies a magistrate's decision shall also enter a judgment or interim order."

> (i) <u>Judgment</u>. The court may enter a judgment either during the fourteen days permitted by Civ.R. 53(D)(3)(b)(i) for the filing of objections to a magistrate's decision or after the fourteen days have expired. If the court enters a judgment during the fourteen days permitted by Civ.R. 53(D)(3)(b)(i) for the filing of objections, the timely filing of objections to the magistrate's decision shall operate as an automatic stay of execution of the judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered.

> (ii) <u>Interim order</u>. The court may enter an interim order on the basis of a magistrate's decision without waiting for or ruling on timely objections by the parties where immediate relief is justified. The timely filing of objections does not stay the execution of an interim order, but an interim order shall not extend more than twenty-eight days from the date of entry, subject to extension by the court in increments of twenty-eight additional days for good cause shown. An interim order shall comply with Civ.R. 54(A), be journalized pursuant to Civ.R. 58(A), and be served pursuant to Civ.R. 58(B).

*Id.* Interim orders terminate upon a trial court's entry of final judgment. *Nolan v. Nolan*, 4th Dist. Scioto No. 11CA3444, 2012-Ohio-3736, ¶19, citing *Nemeth v. Nemeth*, 11th Dist. Geauga No. 2007-G-2791, 2008-Ohio-3263, ¶28.

{¶12} On January 11, 2017, the trial court adopted the magistrate's decision as an Interim Order.

{¶13} At the preliminary injunction hearing, CDC-Kent had orally moved to dismiss Plaintiffs' complaint on the basis of res judicata and filed a brief in support, arguing Plaintiffs' causes of action should have been raised during the administrative appeal. Plaintiffs and the Resident Defendants filed briefs in opposition to the motion to dismiss. The magistrate issued a decision denying the motion, on December 27, 2016, and CDC-Kent requested findings of fact and conclusions of law. After receiving proposed findings of fact and conclusions of law from the Resident Defendants and CDC-Kent, the magistrate issued findings of fact and conclusions of law on February 24, 2017, in an inappropriately captioned "judgment entry."[2] The magistrate concluded that "a Motion to Dismiss is not the procedural vehicle with which to bring a Res Judicata argument."

{¶14} The Resident Defendants filed an answer and counterclaim on January 31, 2017. In their answer, they requested "judgment be entered *for* Plaintiff City of Kent in that the amended Chapter 1122 be declared void ab initio" (emphasis added). Yet, in their counterclaim, they requested the trial court to "permanently enjoin the application of the amended Chapter 1122 as set forth in Ordinance 2013-121, and enter judgment *against* Plaintiff" (emphasis added). They alleged the following, in relevant part:

> (2) The current Chapter 1122 of the City Ordinances as amended by Ordinance 2013-121 is invalid and void ab initio, as alleged in the Complaint, because Plaintiff failed to follow the procedural and

---

2. Magistrates have limited authority, which does not extend to issuing judgment entries; entering judgments is solely the function of the judge. *E.g.*, *Harkai v. Scherba Indus., Inc.*, 136 Ohio App.3d 211, 217-218 (9th Dist.2000), citing *Hartt v. Munobe*, 67 Ohio St.3d 3, 5-6 (1993). Magistrates may be given authority, pursuant to Civ.R. 53, to issue orders and/or decisions. *See* Civ.R. 53(D)(1)(a). "Subject to the terms of the relevant reference, a magistrate shall prepare a magistrate's *decision* respecting any matter referred under Civ.R. 53(D)(1)." Civ.R. 53(D)(3)(a)(i) (emphasis added). "A party may file written objections to a magistrate's decision," but a "magistrate's decision is not effective unless adopted by the court." Civ.R. 53(D)(3)(b)(i) & (D)(4)(a). On the other hand, "[s]ubject to the terms of the relevant reference, a magistrate may enter *orders* without judicial approval if necessary to regulate the proceedings and if not dispositive of a claim or defense of a party." Civ.R. 53(D)(2)(a)(i) (emphasis added). "Any party may file a motion with the court to set aside a magistrate's order," but the "pendency of a motion to set aside does not stay the effectiveness of the magistrate's order, though the magistrate or the court may by order stay the effectiveness of a magistrate's order." Civ.R. 53(D)(2)(b).

substantive safeguards as set forth in the City ordinances, state statutes, and state and federal constitutions.

(3) The Resident Defendants and others have been deprived of their protected property rights through such arbitrary, capricious, and contrary to law enactment of Ordinance 2013-121 regarding the amended Chapter 1122.

(4) Moreover, Plaintiff enacted Ordinance 2013-121 without the benefit of the City planning commission's review or report, which would have been influenced by the Resident Defendants and other interested residents, and without the benefit of public comment and debate at the City council's meeting; and therefore the amended Chapter 1122 does not bear a reasonable relationship to the public health, safety, welfare, or morals of the community.

{¶15} CDC-Kent filed an answer and counterclaim on February 3, 2017. Its counterclaim alleged Plaintiffs had violated its right to equal protection of the law under the Ohio Constitution and requested compensation from the City of Kent for a "temporary taking" of the property at 5914 Horning Road. CDC-Kent also requested a declaratory judgment that the Amendment to §1122.08 is valid and that Plaintiffs' claims are barred by res judicata and the applicable statute of limitations.

{¶16} On February 24, 2017, the trial court issued a Judgment Entry overruling the objections to the magistrate's preliminary injunction decision. The trial court stated:

Upon review of the Magistrate's decision, the Court determines that there is no error of law or defect on the fact of said decision [sic]. The Court further finds that the Magistrate's decision contains sufficient findings of fact and conclusions of law to allow the Court to make its independent analysis of the issues and to apply the appropriate rules of law in making its final decision and judgment entry in the matter.

The trial court then uses verbatim language from the magistrate's conclusions of law, which had been taken verbatim from Plaintiffs' proposed entry, to reach the conclusion that the Amendment was "void ab initio." Adding to the confusion, the trial court twice states in the Judgment Entry that it "adopts the Magistrate's decision and its conclusions,

9

findings, and entry of judgment as the Court's own, *as an interim order.*"  (Emphasis added.)

{¶17}  CDC-Kent subsequently filed a motion for summary judgment, requesting Plaintiffs' claims be dismissed in their entirety.  CDC-Kent asserted Plaintiffs' claims are barred by the doctrine of res judicata and by the two-year statute of limitations found in R.C. 713.121, which provides that a challenge to the validity of an amendment based on a procedural error must not be brought more than two years after its adoption.  CDC-Kent concludes its motion with the additional assertion that "the Residents' Counterclaims are identical to the City's claims and are also barred by the same statute of limitations."

{¶18}  The language of R.C. 713.121 is as follows:

> No action challenging the validity of a zoning ordinance or regulation or of any amendment to such an ordinance or regulation because of a procedural error in the adoption of the ordinance, regulation, or amendment shall be brought more than two years after the adoption of the ordinance, regulation, or amendment.

It is not in dispute that Plaintiffs' complaint and the Resident Defendants' counterclaim were brought more than two years after the Amendment was adopted.

{¶19}  Plaintiffs filed a response in opposition to the motion for summary judgment. And, although CDC-Kent did not move for summary judgment against the Resident Defendants, they also filed a response in opposition, in support of Plaintiffs' response. The Resident Defendants argued that neither res judicata nor the statute of limitations bars Plaintiffs' claims.  They responded, in a footnote, to CDC-Kent's assertion that the Resident Defendants' counterclaim is also barred by the statute of limitations: "CDC-Kent states that the Resident Defendants' counterclaim also alleges procedural error in the enactment of Chapter 1122.  The counterclaim does allege procedural error but it also alleges substantive violations, both of which deprived the Resident Defendants of their

10

statutory and constitutional rights." They argue that R.C. 713.121 does not apply to their substantive due process claims, citing *N&G Constr., Inc. v. Pataskala*, 5th Dist. Licking No. 01CA00057, 2001 WL 1487917, *4 (Nov. 21, 2001) ("Because R.C. 713.121 governs only an attack on the procedural elements of a zoning ordinance, we find it inapplicable to the substantive due process claims."). CDC-Kent replied to both oppositional responses.

{¶20} CDC-Kent and the Resident Defendants filed motions for default judgment against Plaintiffs. With leave of court, Plaintiffs filed an answer to CDC-Kent's counterclaim, raising the affirmative defense of failure to state a claim upon which relief can be granted, and an answer to the Resident Defendants' counterclaim, which did not raise any affirmative defense.

{¶21} The magistrate held a hearing on May 22, 2017, at which all parties to the case fully participated by presenting witness testimony, exhibits, and closing arguments. The trial court's hearing notices variably called this a "declaratory judgment hearing" or a "permanent injunction hearing," but it is apparent the hearing was held on the merits of all pending claims and motions, to wit: Plaintiffs' claims for declaratory judgment and permanent injunction; CDC-Kent's counterclaim; the Resident Defendants' counterclaim; and the arguments pertaining to the statute of limitations and res judicata that were raised in CDC-Kent's motion for summary judgment against Plaintiffs.

{¶22} Ms. Susel again testified and stated that CDC-Kent's proposed site plan is the only open project affected by the §1122.08 Amendment.

{¶23} Joseph Volchko, one of the Resident Defendants, testified that he lives on property owned by his mother, Gina Volchko, which is adjacent to the parking lot for CDC-Kent's existing student housing complex on Horning Road; the housing complex itself is

11

across the street from the parking lot and the Volchkos' property. Mr. Volchko testified that CDC-Kent's proposed development plan—to build another rooming and boarding house next to the existing parking lot—would have a huge impact on the character of the neighborhood, property values, and the safety, privacy, fair use and enjoyment of the property. Therefore, Mr. Volchko testified, he would have attended the public hearings if he had been made aware that the City was attempting to amend §1122.08.

{¶24} CDC-Kent moved for a directed verdict, following this testimony, based on the statute of limitations; it asserted Plaintiffs' claims and the Resident Defendants' counterclaim should be dismissed. Plaintiffs responded that the statute of limitations does not apply because the error was substantive, not merely procedural, and because the Amendment is void ab initio. The Resident Defendants responded that their argument relates to substantive due process, not procedural errors, and that the motion for directed verdict is wholly improper as it pertains to their counterclaim. The trial court overruled the motion.

{¶25} Jennifer Barone is the Development Engineer for the City of Kent and reports to Ms. Susel. Ms. Barone testified that she attended the August 20, 2013 Planning Commission meeting and that the parking amendment for rooming and boarding houses was discussed at the meeting and included in the motion to recommend. She testified the minutes do not reflect §1122.08 by title, but they should have, because the memorandum she prepared and presented to City Council accurately reflects that the Planning Commission voted to recommend the parking changes for rooming and boarding houses in §1122.08. Ms. Barone further testified that CDC-Kent's site plan was the project that brought to their attention the fact that apartment buildings having 1.25 parking spaces per bed may be excessive. She testified that CDC-Kent's site plan, which

12

relied on the reduced number of parking spaces per the Amendment, was originally approved in June 2015; after an advertising error was discovered with regard to a street name, CDC-Kent was required to resubmit its application, which was then denied in October 2015. At that time, CDC-Kent filed its administrative appeal and prevailed.

{¶26} Christian Elliott, vice president of development with Capstone Real Estate Investments, testified on behalf of CDC-Kent. Capstone is the student housing development company that developed and manages University Oaks Apartments. Mr. Elliott explained that the site plan at issue involved building townhomes on an existing parking lot; the parking lot was no longer needed to satisfy the parking requirements, in light of the Amendment to §1122.08. Much of Mr. Elliott's remaining testimony related to CDC-Kent's counterclaim against Plaintiffs for a temporary taking and equal protection violation, which is not relevant to the issues in the appeal sub judice.

{¶27} At the request of the magistrate, the parties subsequently filed proposed findings of fact and conclusions of law and proposed orders. No magistrate decision or recommendation was made following the May 22, 2017 hearing.

{¶28} On August 4, 2017, however, the trial court granted CDC-Kent's motion for summary judgment against Plaintiffs on all counts of Plaintiffs' complaint. The trial court found Plaintiffs' claims were barred by the doctrine of res judicata, because they should have been raised in the administrative appeal filed by CDC-Kent. The trial court further found that Plaintiffs' claims—*and* the Resident Defendants' counterclaim—were barred by the two-year statute of limitations set forth in R.C. 713.121. It was therefore ordered, adjudged, and decreed, "for good cause shown, that *all* of the claims of the Plaintiffs and

13

the Resident Defendants are dismissed with prejudice at Plaintiffs' cost" (emphasis added).[3]

**{¶29}** On August 15, 2017, the trial court issued a nunc pro tunc order to add the following language: "Pursuant to Ohio Civ. R. 54(B), there is no just reason for delay." No appeal was taken.

**{¶30}** CDC-Kent's counterclaim against Plaintiffs was, therefore, the only matter that remained pending at the time this order was entered. The trial court referred the matter to mediation. Plaintiffs requested a status conference prior to mediation, and on August 28, 2017, the trial court sent notice of a status conference, scheduled for October 3, 2017, to counsel for all parties, including counsel for the Resident Defendants.

**{¶31}** Following their appearance at the status conference, the Resident Defendants filed a motion to vacate on October 5, 2017, claiming the August 4, 2017 dismissal order and the August 15, 2017 nunc pro tunc order are voidable under Civ.R. 60(B)(5) and/or void as a matter of law. They asserted their counterclaim was against Plaintiffs, not CDC-Kent, yet the trial court decided, unilaterally, to approach CDC-Kent's motion for summary judgment against Plaintiffs as a motion to dismiss the Resident

---

3. Plaintiffs later filed a "notice of voluntary dismissal pursuant to Ohio Civil Rule 41(A)," on November 21, 2017, which states they "hereby provides notices [sic] of its dismissal of the Plaintiffs' motion for a permanent injunction." In this notice, Plaintiffs indicate the request for permanent injunction was moot because Kent City Council had approved CDC-Kent's proposed site plan for 5914 Horning Road subject to certain conditions. The record does not reflect, however, that Plaintiffs ever filed a "motion" for permanent injunction. Further, Civ.R. 41(A) applies to the dismissal of claims, not motions. Nevertheless, the magistrate found the "motion is well taken" and purported to "dismiss" the non-existent motion for permanent injunction in another inappropriately captioned "judgment entry." The trial court subsequently issued a separate judgment entry, also stating the "motion is well taken" and purporting to "dismiss" the non-existent motion for permanent injunction. Inasmuch, therefore, that these judgment entries were issued to dismiss Plaintiffs' "claim" for a permanent injunction, they were a nullity, as Plaintiffs' "claim" for permanent injunction was no longer pending as of the trial court's August 4, 2017 order. We further note that a notice of voluntary dismissal is effective when the notice is filed: pursuant to Civ.R. 41(A)(1), a plaintiff may dismiss all claims, "without order of court," by "filing a notice of dismissal at any time before the commencement of trial[.]" A "notice" of dismissal is not a motion upon which the trial court *must* rule, nor does anything remain upon which the trial court *can* rule. *See Andrews v. Sajar Plastics, Inc.*, 98 Ohio App.3d 61, 65-66 (11th Dist.1994), citing *Clay Hyder Trucking Lines, Inc. v. Riley*, 16 Ohio App.3d 224, 225 (1st Dist.1984) (explaining that a "Civ.R. 41(A)(1)(a) dismissal is self-executing").

14

Defendants' counterclaim against Plaintiffs. Therefore, the Resident Defendants assert their counterclaim was dismissed without providing them notice or an opportunity to be heard. The Resident Defendants also stated they were unaware "they were no longer in the case" until informed by the magistrate at the October 3, 2017 status conference. CDC-Kent filed a response in opposition to the motion to vacate.

**{¶32}** The trial court denied the motion to vacate on October 17, 2017, stating:

> The Court finds that the Resident Defendants were served with Defendant CDC-Kent's Motion for Summary Judgment and filed a Brief in Opposition thereto. As such, the Resident Defendants had actual notice that the Court could dismiss their claims if CDC-Kent's Motion for Summary Judgment was granted. The Resident Defendants also participated fully at trial and had the opportunity to present their claims. As such, they were not denied due process in this case.
>
> The Court further finds that the Order Granting Summary Judgment and Nunc Pro Tunc Order are not void or voidable. If the Resident Defendants wished to challenge the Court's Order Granting Summary Judgment and Nunc Pro Tunc Order, they had to file an appeal. The Resident Defendants failed to do so and the time in which to appeal has expired.
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT, for good cause shown, the Court denies the Resident Defendants' Motion to Vacate. The Resident Defendants have no claims pending in this case.

**{¶33}** The Resident Defendants filed a timely notice of appeal from this order and raise one assignment of error for our review:

**{¶34}** "The trial court committed prejudicial error in denying the motion to vacate."

**{¶35}** Plaintiffs filed a responsive brief, simply indicating they "will respect whatever decision is rendered by the Court of Appeals in this matter."

**{¶36}** CDC-Kent also filed a responsive brief and initially argues the appeal is not properly before this court because the order denying the Resident Defendants' motion to vacate is not a final, appealable order. CDC-Kent previously raised this argument in a

15

motion to dismiss, which this Court overruled, as "it is well settled that a judgment denying a motion for relief from judgment filed pursuant to Civ.R. 60(B) is itself a final appealable order." *Colley v. Bazell*, 64 Ohio St.2d 243, 245 (1980) (citations omitted). This rule of law applies when the movant seeks relief from a final judgment, including, as is the case here, a "final judgment as to one or more but fewer than all of the claims or parties" that includes "an express determination that there is no just reason for delay," pursuant to Civ.R. 54(B). *See, e.g., Hadassah v. Schwartz*, 1st Dist. Hamilton No. C-110699, 2012-Ohio-3910, ¶8-9.

**{¶37}** We therefore proceed to the merits of the appeal.

## Void Judgment

**{¶38}** The Resident Defendants argue the trial court erred by not vacating the dismissal order because it failed to provide them with minimal due process, i.e., notice and an opportunity to be heard, before dismissing their counterclaim. Thus, they assert, the trial court's dismissal is void.

**{¶39}** "A void judgment is one that is rendered by a court that is wholly without jurisdiction or power to proceed in that manner." *Freedom Mtge. Corp. v. Hufford*, 5th Dist. Licking No. 16-CA-72, 2017-Ohio-1111, ¶17, citing *In re Lockhart*, 157 Ohio St. 192, 195 (1952) and *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶27. "Consequently, the authority to vacate a void judgment is not derived from Civ.R. 60(B), but rather constitutes an inherent power possessed by Ohio courts." *Patton v. Diemer*, 35 Ohio St.3d 68, 70 (1988). "[T]ypical due process violations, other than a lack of personal jurisdiction, are voidable but not void." *Northland Ins. Co. v. Poulos*, 7th Dist. Mahoning No. 06 MA 160, 2007-Ohio-7208, ¶41; *see also Hufford, supra*, at ¶19, citing

16

*Thillberg v. Major*, 11th Dist. Trumbull No. 90-T-4487, 1991 WL 206625, *1 (Sept. 30, 1991).

{¶40} The Resident Defendants cite to *Rondy v. Rondy*, 13 Ohio App.3d 19, 22 (9th Dist.1983) and *Freeland v. Pfeiffer*, 87 Ohio App.3d 55, 57-58 (9th Dist.1993) in support of their argument that typical due process violations may also result in a void judgment. In *Rondy*, the due process violation amounted to a lack of personal jurisdiction due to a failure to perfect service of process. In *Freeland*, it was determined the trial court lacked subject matter jurisdiction for failure to comply with a jurisdictional statute. Thus, both cases reinforce that a void judgment is one entered without jurisdiction to do so. The Resident Defendants also cite to a case out of this district, *Dilley v. Dilley*, 11th Dist. Geauga No. 2017-G-0115, 2017-Ohio-8439, ¶19, in which we specifically determined it was unnecessary to reach the merits of a similar argument; there is, therefore, no precedent in *Dilley* upon which they can rely.

{¶41} Here, the trial court had both personal and subject matter jurisdiction. Therefore, even assuming the Resident Defendants were not afforded notice that the trial court was considering dismissal of their counterclaim based upon expiration of the statute of limitations or an opportunity to be heard on that issue, the dismissal did not result in a void judgment.

{¶42} The argument that the trial court rendered a void judgment is not well taken.

**Voidable Judgment**

{¶43} The Resident Defendants next argue the trial court erred by not determining they satisfied the Civ.R. 60(B) standard for a successful motion for relief from a voidable judgment.

17

**{¶44}** Civ.R. 60 provides the procedure for obtaining relief from a trial court's final judgment, order, or proceeding. "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time[.]" *GTE Automatic Elec., Inc. v. ARC Indus., Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.

**{¶45}** The decision of whether to grant relief under Civ.R. 60(B) is entrusted to the sound discretion of the trial court. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987) (citations omitted). Accordingly, we will only reverse the trial court if it abused that discretion, i.e., if the trial court failed "'to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

**{¶46}** The Resident Defendants moved for relief from judgment pursuant to Civ.R. 60(B)(5), which provides: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for * * * any other reason justifying relief from the judgment." "Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment. However, the grounds for invoking said provision should be substantial." *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 66 (1983), citing Staff Note to Civ.R. 60(B). "Nor should Civ.R. 60(B)(5) be used as a substitute for any of the other more specific provisions of Civ.R. 60(B)." *Id.* (citations omitted). "Civil Rule 60(B)(5) is only to be used in an extraordinary and unusual case when the interests of justice warrants it." *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105 (8th Dist.1974).

**{¶47}** In their motion to vacate, the Resident Defendants argued the trial court lacked authority to enter summary judgment in favor of CDC-Kent on their counterclaim against Plaintiffs because CDC-Kent did not, and could not, move for summary judgment against the Resident Defendants. They stated: "Civ.R. 56(A) and (B) provide that a party seeking relief or a party defending a claim may move for summary judgment. CDC-Kent did not seek relief from the Resident Defendants (it could have filed a crossclaim under Civ.R. 13(G), but did not) or defend against any claim of the Resident Defendants (it could have intervened as a defendant in their counterclaim against [Plaintiffs] under Civ.R. 24(A), but did not)."

**{¶48}** We agree with the Resident Defendants' contention. Stated otherwise, CDC-Kent could not ask the trial court to enter judgment on or dismiss the Resident Defendants' counterclaim which was brought solely against Plaintiffs: CDC-Kent had no standing to do so, and the trial court had no authority to honor such a request. *See* Civ.R. 56(A)-(B) (only a party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment, or a party against whom either is sought, may move for a summary judgment in the party's favor). Also implicit in the trial court's order of dismissal is agreement with CDC-Kent's assertion that the issues raised in the Resident Defendants' counterclaim are identical to those raised in Plaintiffs' complaint.

**{¶49}** The question remains whether this is a basis upon which relief from the judgment should have been granted under Civ.R. 60(B)(5). Generally, when a trial court commits an error in the exercise of its jurisdiction, the proper procedure is for the aggrieved party to file a notice of appeal from the offending order; a motion for relief from judgment is not to be used as a substitute for appeal. *Doe v. Trumbull Cty. Children Serv. Bd.*, 28 Ohio St.3d 128 (1986), paragraph two of the syllabus; *Blasco v. Mislik*, 69 Ohio

19

St.2d 684, 686 (1982). It is also generally held, however, that court errors and omissions may justify relief under Civ.R. 60(B)(5) when the error or omission was beyond the control of the movant. *State ex rel. Gyurcsik v. Angelotta*, 50 Ohio St.2d 345, 347 (1977); *see also Templin v. Grange Mut. Cas. Co.*, 2d Dist. Montgomery No. 12261, 1991 WL 60657, *4-5 (Apr. 8, 1991).

**{¶50}** Errors or omissions that have justified relief are, for example, a finding that a hearing had taken place when, in fact, it had not (*Bobb v. Marchant*, 14 Ohio St.3d 1, 2 (1984)); failing to rule on a motion for continuance and then entering judgment against the movant without notice or hearing (*Gyurcsik*, *supra*, at 347); granting a motion to dismiss, which was filed by only one defendant, but also dismissing the non-moving defendant and thereby mistakenly disposing of the entire case (*Dunn v. Marthers*, 9th Dist. Lorain No. 05CA008838, 2006-Ohio-4923, ¶14); and granting default judgment against a defendant for liability on claims that were not asserted in the complaint against that defendant (*Ross v. Shively*, 9th Dist. Summit No. 23719, 2007-Ohio-5118, ¶14).

**{¶51}** Here, in its order denying the motion to vacate, the trial court concluded the Resident Defendants were not denied due process because they were served with CDC-Kent's motion for summary judgment, filed a brief in opposition, and "participated fully at trial and had the opportunity to present their claims." The trial court further found that the Resident Defendants "had actual notice that the court could dismiss their claims if CDC-Kent's Motion for Summary Judgment was granted."

**{¶52}** We find no basis in law for the trial court's conclusion. Nothing in the Civil Rules provided notice to the Resident Defendants that their counterclaim was subject to dismissal in this manner. CDC-Kent was not a party to their counterclaim; Plaintiffs, who were a party to their counterclaim, had not raised the affirmative defense of the statute of

20

limitations. We cannot, therefore, impute notice to the Resident Defendants. It is also apparent the Resident Defendants were not on actual notice that their counterclaim was at risk of dismissal. In support of Plaintiffs, they filed a "brief opposing Defendant CDC-Kent LLC's motion for summary judgment on Plaintiff City of Kent's complaint"; the headings in this brief are "*Kent's claims* are not barred by R.C. 713.121" and "*Kent's claims* are not barred by res judicata." (Emphasis added.) At the permanent injunction/declaratory judgment hearing, counsel for the Resident Defendants indicated to the court that CDC-Kent's oral motion for a directed verdict was not proper as against the Resident Defendants because it is not a party to their counterclaim.

{¶53} The trial court's dismissal of the Resident Defendants' counterclaim as a result of granting summary judgment in favor of CDC-Kent on its motion filed against Plaintiffs was inappropriate, and it clearly resulted in an injustice to the Resident Defendants, as it affected their ability to prosecute their counterclaim against Plaintiffs. This injustice was perpetuated by the trial court subsequently sending notice of a status conference to counsel for the Resident Defendants. Under these circumstances, it was reasonable for counsel to assume the trial court had inadvertently signed an order that was prepared by CDC-Kent and would correct the error at the status conference. At the status conference, however, counsel was informed that the Resident Defendants were no longer part of the case; this occurred outside the App.R. 4 time limitation for filing a notice of appeal.

{¶54} The second prong of the *GTE* test has been satisfied by a demonstration of circumstances that justify relief from judgment. The first prong has also been satisfied by the Resident Defendants' allegation that Plaintiffs failed to follow substantive due process safeguards and by alleging, therefore, that their counterclaim is not barred by the statute

of limitations. *See Moore v. Emmanuel Family Training Ctr., Inc.*, 18 Ohio St.3d 64, 67 (1985) (citation omitted; emphasis added) ("Under Civ.R. 60(B), a movant's burden is only to *allege* a meritorious claim, not to prevail on the merits of the claims."). Finally, the Civ.R. 60(B) motion was filed within a reasonable time: two days after they were informed by the magistrate that they were no longer a part of the case and less than two months after the trial court issued its final order.

{¶55} We conclude, under the unique and anomalous facts of this case, that the trial court abused its discretion in denying the Resident Defendants' motion to vacate the order dismissing its counterclaim. This is not to be read as a determination that the Resident Defendants should prevail on the merits of their counterclaim. Today's holding is merely that, in the interest of justice, the situation at hand warrants a reversal of the trial court's October 17, 2017 order denying relief from its judgment.

{¶56} The Resident Defendants' sole assignment of error has merit to the extent indicated.

{¶57} The judgment of the Portage County Court of Common Pleas is reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion. On remand, the Resident Defendants must be given proper notice and an opportunity to be heard with regard to the allegations in their counterclaim. The counterclaim should be resolved irrespective of the claims that were set forth by Plaintiffs in their complaint.

COLLEEN MARY O'TOOLE, J., concurs,

DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.

_____

DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.

{¶58} I respectfully dissent and would affirm the decision of the court below. The issue of whether the Resident Defendants were entitled to relief from judgment is within the sound discretion of the trial court. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987) ("[a] motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court"). The majority may not reverse the lower court simply because it would have reached a different decision on the issue of whether relief should have been granted. *In re Jane Doe 1*, 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181 (1991) ("[w]hen applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court").

{¶59} The majority presents convincing arguments as to why the Resident Defendants would have prevailed in a direct appeal from the grant of summary judgment in favor of CDC-Kent. The present appeal, however, is not a direct appeal. "It is well established that a Civ.R. 60(B) motion cannot be used as a substitute for an appeal and that the doctrine of res judicata applies to such a motion." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 4, ¶ 16.

{¶60} The majority contends that the Resident Defendants "were not on actual notice that their counterclaim was at risk of dismissal." *Supra* at ¶ 52. Such a claim is untenable. CDC-Kent's Motion for Summary Judgment asserted that "[t]he Residents' Counterclaims are identical to the City's claims and are also barred by the same statute of limitations." The Resident Defendants were served with this Motion. The Resident Defendants filed an Opposition to CDC-Kent's Motion for Summary Judgment. The Order granting CDC-Kent's Motion for Summary Judgment states: "IT IS FURTHER ORDERED,

23

ADJUDGED AND DECREED THAT, the Counterclaims filed by the Resident Defendants, Joel and Gina Volchko, Dennis and Nina Krupa, and Mary Organ are also barred by the statute of limitations set forth in R.C. 713.121 [and] * * * all of the claims of the Plaintiffs and the Resident Defendants are dismissed with prejudice at Plaintiffs' cost." The Resident Defendants were served with the Order dismissing their counterclaims. The Resident Defendants were also served with the Nunc Pro Tunc Order modifying the prior Order to include language that, "[p]ursuant to Ohio Civ.R. 54(B), there is no just reason for delay."

**{¶61}** Contrary to the majority's position, not only were the Resident Defendants on actual notice that their counterclaims were at risk for dismissal, they were on actual notice that their counterclaims had been dismissed. In the absence of any justifiable explanation for the Resident Defendants' failure to file a direct appeal, the denial of their Motion to Vacate should be affirmed.

**{¶62}** For the foregoing reasons, I respectfully dissent.