[Cite as *In re J.H.*, 2024-Ohio-5489.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE J.H.                                    :

                                              :          No. 114240

[Appeal by the State]                         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED
**RELEASED AND JOURNALIZED:** November 21, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. AD24902894

---

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, Joseph C. Young, Assistant Prosecuting
Attorney, *for appellant*.

Cullen Sweeney, Cuyahoga County Public Defender, and
Britta Barthol, Assistant Public Defender, *for appellee*.

MARY J. BOYLE, J.:

{¶ 1} This appeal involves a child protection matter relating to a child before the Cuyahoga County Juvenile Court in Case No. AD24902894. Plaintiff-appellant, the Cuyahoga County Division of Children and Family Services ("the agency") appeals the juvenile court's denial of the agency's notice of dismissal of complaint for neglect and temporary custody. Appellee-mother ("Mother") has filed

a notice of conceded error pursuant to Loc.App.R. 16(B). Finding that a notice of voluntary dismissal filed pursuant to Civ.R. 41(A) is self-executing, we vacate the order of the juvenile court.

{¶ 2} In March 2024, the agency filed a complaint for neglect and temporary custody alleging that Mother failed to ensure that the child attend school on a consistent basis. The other two allegations pertain to father regarding paternity and support. The agency moved for predispositional temporary custody. In April, a hearing was held on the complaint and the motion. The matter was continued to June 7, 2024, for adjudication and disposition on the complaint, and the motion for predispositional temporary custody was held in abeyance. On June 6, 2024, the agency filed a notice of voluntary dismissal of the complaint as it pertains to Mother. The juvenile court held a hearing and denied the agency's notice of voluntary dismissal. This appeal followed.

{¶ 3} The agency raises the following assignment of error for review:

> The trial court erred by failing and refusing to recognize and honor the voluntary dismissal of appellant's complaint.

{¶ 4} Both parties argue that the agency has the ability to dismiss a parental rights complaint without further order of court pursuant to Civ.R. 41(A). We agree because the Ohio Supreme Court has held that "[t]he Rules of Civil Procedure apply to custody proceedings in juvenile court except when they are clearly inapplicable[.]" *In re H.W.*, 2007-Ohio-2879, ¶ 11, citing Civ. R. 1(C)(7), *State ex rel. Fowler v. Smith*, 68 Ohio St.3d 357 (1994). "The Civil Rules are not 'clearly inapplicable' here,

especially in light of Juv. R. 45 which provides, 'If no procedure is specifically prescribed by these rules or local rule, the court shall proceed in any lawful manner not inconsistent with these rules or local rule.'" *Id.* Since the juvenile rules are silent on voluntary dismissal, the agency's notice of voluntary dismissal pursuant to Civ.R. 41(A) was proper. Civ.R. 41(A) allows a complainant to file a notice of dismissal at any time before commencement of trial.

{¶ 5} Moreover, "a voluntary dismissal is effective when the notice is filed, without order of the court, so long as it is done before trial." *Findlay v. Martens*, 2022-Ohio-4146, ¶ 15 (3d Dist.), citing *Kent v. CDC-Kent, LLC,* 2018-Ohio-3743, ¶ 28, fn. 3 (11th Dist.). "In other words, a 'Civ.R. 41(A)(1)(a) dismissal is self-executing[.]'" *Id.*, quoting *Shue v. Ohio Dept. of Rehab. & Corr.*, 2017-Ohio-443, ¶ 9 (10th Dist.). Furthermore, the Ohio Supreme Court has stated that "[t]he plain import of Civ.R. 41(A)(1) is that once a plaintiff voluntarily dismisses all claims against a defendant, the court is divested of jurisdiction over those claims." *State ex rel. Engelhart v. Russo*, 2012-Ohio-47, ¶ 16, quoting *State ex rel. Fifth Third Mtge. Co. v. Russo*, 2011-Ohio-3177, ¶ 17.

{¶ 6} Here, the agency filed a notice of dismissal of the complaint pursuant to Civ.R. 41(A) on June 6, 2024, which was self-executing. Therefore, the juvenile court was without jurisdiction to hold a hearing and without authority to deny the agency's notice of dismissal. The case was dismissed as of June 6, 2024.

{¶ 7} Accordingly, the sole assignment of error is sustained.

{¶ 8} Judgment vacated.

It is ordered that no costs are herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, JUDGE

MICHELLE J. SHEEHAN, P.J., and
LISA B. FORBES, J., CONCUR